## Collings Tailor Company, Appellant, *v.* Appenzellar.

*Contract—Sales—Rescission—Insolvency of purchaser.*

In an action of replevin by the seller of goods against the receiver of the purchaser, an insolvent corporation, the plaintiffs are not entitled to recover where it appears that the goods were ordered honestly; that before they were delivered the corporation knew that a bill in equity had been prepared and would be presented with a request for the appointment of a receiver, and that the company would make no defense thereto but would admit the truth of the allegation of the bill; that at the time it received the goods the company knew that it would be unable to continue business; and that the company did not disclose these facts to the plaintiffs who were wholly ignorant of them, although, no fraud, misrepresentations or collusion had been practiced.

Argued Oct. 18, 1909.  Appeal, No. 233, Oct. T., 1908, by plaintiff, from order of C. P. Franklin Co., April T., 1908, No. 19, discharging rule for judgment for want of a sufficient affidavit of defense in case of the Collings Tailor Company v. W. O. Appenzellar and E. O. Smiley, receiver of the Chambersburg Woolen Company.  Before Rice, P. J., Henderson, Morrison, Orlady, Beaver and Porter, JJ.  Affirmed.

Replevin to recover goods sold and delivered to the Chambersburg Woolen Company.

Rule for judgment for want of a sufficient affidavit of defense.  Before Gillan, P. J.

The facts appear by the opinion of the Superior Court.

*Error assigned* was order discharging rule for judgment for want of a sufficient affidavit of defense.

*John R. Ruthrauff*, of *Ruthrauff & Nicklas*, for appellant.— The receiving and retaining of the goods, under the circumstances, amounted to such fraud in law as entitled the vendor to rescind the contract and recover its goods: McKibbin v. Martin, 64 Pa. 352; Bughman v. Central Bank, 159 Pa. 94; Levan's App., 112 Pa. 294; Claster Bros. v. Katz, 6 Pa. Superior Ct. 487; Rhawn ,v. Edge Hill Furnace Co., 201 Pa. 637.

*Charles Walter*, with him *Arthur W. Gillan*, for appellees, cited: Printing Press Co. v. Publishing Co., 213 Pa. 207.

OPINION BY RICE, P. J., April 18, 1910:

This action of replevin was brought by the seller of goods against the receivers of an insolvent corporation, the buyer, to recover the goods after they had been delivered to the corporation and had passed into the control of the receivers. The following facts are not now in dispute: On December 20, 1907, the Chambersburg Woolen Company ordered from the plaintiff, doing business in Ohio, goods to be delivered f. o. b. cars Chambersburg. The plaintiff accepted the order, shipped the goods on December 31, and on January 6, 1908, they were delivered by the railroad company to the buyer. On the following day a bill in equity was filed against the woolen company by certain of its creditors, in which it was averred, inter alia, that the company was not able to meet its obligations nor to convert its assets into cash for the purpose of paying them; that suits were imminent, and if judgments should be obtained and executions issued, the assets of the company would be greatly depreciated in value and the interests of the creditors greatly prejudiced thereby, and praying that the court make a decree that the indebtedness of the defendant be ascertained and determined and that a sale of the premises and property of the corporation be made under the direction of the court. The bill further prayed, that an injunction issue against the defendant restraining it from

making or causing to be made any sale of its property or assets; that the proceeds of any sale made under the direction of the court be distributed among the creditors according to their respective rights; that a receiver or receivers be appointed to take possession of the property and effects of every description of the defendant in the interest of creditors; and that the defendant be enjoined from interfering with the property or affairs of the corporation, and from making or causing to be made any disposition thereof other than to preserve and deliver the same to the receivers. To this bill an answer was filed on the same day, by the woolen company, through its president, admitting the truth of the allegations; whereupon the court made a decree in accordance with the prayers of the bill and appointed these defendants receivers, who at once filed bond and took possession of the property and assets of the company. Two days later, the plaintiff, upon hearing of the insolvency of the company and the appointment of the receivers, notified the latter of their rescission of the contract of sale and requested them to return the goods to them. This the receivers declined to do, whereupon the plaintiffs, by leave of court, brought this action of replevin. The receivers filed a counter bond and retained the goods. This appeal is from the order refusing judgment for want of a sufficient affidavit of defense.

The defendants, whilst not admitting, do not deny the averment of the statement of claim that at the time the order for the goods was given the company was insolvent and its insolvency was known or ought to have been known to its officers. This fact, however, would not, standing alone, entitle the plaintiffs to rescind the sale and reclaim the goods after full delivery. But these additional facts are alleged in the statement and not specifically denied; first, before the goods were delivered by the railroad company to the woolen company the latter knew that the bill in equity had been prepared and would be presented to court on the following day with a request for the appointment of a receiver or receivers, and that it, the woolen company, would make no defense thereto, but would admit the truth of the allegations

of the bill; second, at the time it received the goods the company knew that it would be unable to continue business or to pay for them; third, the company did not disclose these facts to the plaintiffs and the latter were wholly ignorant of them.

The question for decision at this stage of the case is: Did the receiving and retaining of the goods, under the circumstances stated, amount to such fraud in law as entitled the seller to rescind the sale and reclaim the goods, even after they had gone into the hands of the receivers? In order that there may be no misunderstanding as to the precise question for decision, it seems well to note, that it is not alleged that at the time the woolen company ordered the goods it did not honestly intend to pay for them, or that the equity suit was instituted or carried on through collusion between the plaintiffs in the bill and the woolen company, or at the latter's suggestion, or that in filing an answer admitting the allegations of the bill, it did not answer truly, or that there was any ground upon which it could resist the granting of the decree prayed for. The absence of these facts, it seems to us, distinguishes the case from Bughman v. Central Bank, 159 Pa. 94, and Claster v. Katz, 6 Pa. Superior Ct. 487, upon which appellant's counsel rely as controlling authorities. In the former case, the purchasers, before delivery into its barges of all of the coal ordered, not only committed an act of insolvency by confessing judgment and giving a bill of sale of practically all its coal boats, including the two barges in question, but in fact disabled themselves from continuing their business and practically brought it to an end. The court said: "This was a most material fact in the transaction. It was such a change in circumstances as the vendor was entitled to know, and it does not admit of doubt that if he had known it, he would not have delivered the coal. In the New York cases this fact makes the purchase a fraud in law, and is conclusive: Mitchell v. Worden, 20 Barb. 253. This we think is the sound and true rule." In Claster v. Katz it was said that the confession of judgment by a buyer of goods between the purchase and delivery of the same is not, per se, such a

fraud upon the seller as entitles the latter to rescind the sale. "But where, in addition to insolvency known to the buyer and undisclosed to the seller, the buyer, before the delivery of the goods, confesses a judgment which is enforceable at once, and he knows that the effect of its enforcement will be to disable him from containing his business and to bring it to an end, and it is so used, these additional circumstances are sufficient, in our opinion, to take the case out of the strict rule of Smith v. Smith and kindred cases." In the present case the woolen company did nothing and the plaintiffs in the bill in equity did nothing before the goods were delivered to the former by the railroad company to change the conditions, and it is distinctly averred in the affidavit of defense, that the condition of the company was the same at the time of its receipt of the goods as it was when they were ordered. The doctrine of Smith v. Smith, 21 Pa. 367, as to the purchase by one knowing himself to be insolvent and intending not to pay, was severely criticised in Bughman v. Central Bank; nevertheless, the case was declared to be authoritative for what was actually decided in it. So that we must regard it as settled law in Pennsylvania that an intention even of an insolvent buyer at the time of the purchase not to pay does not amount to fraud in law, unless some misrepresentation, trick or artifice, or conduct which involves a false representation, be added: Reed v. Felmlee, 25 Pa. Superior Ct. 37. The mere fact that the woolen company intended not to resist the equity suit, which it expected would be instituted on the following day, does not, in our opinion, put the plaintiffs' claim to rescind, and especially to reclaim the goods after they went into the hands of the receivers, upon a higher plane either of law or morals, than would the fact, which is not alleged, that when it ordered them it intended not to pay for them. The case may present an entirely different aspect when all the facts are fully developed on the trial, but as now presented it is not clear that the court ought to have held that the sale was void for fraud in law.

The appeal is dismissed without prejudice, etc., at the cost of the appellants.