# Sheritt & Stoer Company, Inc., *v.* Roberts Engineering Company, a Corporation, Appellant.

*Sales—Warranty—Breach of warranty — Acceptance of goods — Rights of vendee.*

One who buys goods or machinery under a warranty is not put to the choice of refusing to accept the purchase, or of accepting and waiving defects, when he discovers that the machinery is not as warranted. He may elect either to rescind the contract, or to treat it as a subsisting one, and sue on the alleged warranty. Where there is an express warranty, the general rule is that it survives

the acceptance of the goods, and the purchaser may thereafter sue for the breach of the warranty, or may set off damages for such breach, against an action for the purchase price.

*Practice, C. P.—Charge—Points—Evidence.*

A point must be refused where there is no evidence in the case to support it.

Argued October 9, 1919.   Appeal, No. 117, Oct. T., 1919, by defendant, from judgment of C. P. No. 4, Philadelphia Co., June T., 1917, No. 4009, on verdict for plaintiff in the case of Sheritt & Stoer Company, Inc., a corporation, v. Roberts Engineering Company, a corporation.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and KELLER, JJ.   Reversed.

Assumpsit for purchase price of grinding machine. Before CARR, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $785.42 and judgment thereon. Defendant appealed.

*Error assigned,* among others, was the refusal of defendant's points as quoted in the opinion of the Superior Court.

*John McConaghy, Jr.,* and with him *S. Stanger Izzard,* for appellant.—Payment even after inspection and testing was not of itself a waiver of the breach of warranty: Saunders v. Hammond, 28 C. C. 408; Augusto v. Romano, 42 Pa. Superior Ct. 19; 35 Cyc. 433.

A buyer may accept the goods and maintain an action against the seller for damages for breach of warranty: Borrekins v. Bevans, 3 Rawle, 22 Halloway v. Jacoby, 120 Pa. 583; Joseph v. Richardson, 2 Pa. Superior Ct. 217; Miller Lock Co. v. Diehl Mfg. Co., 37 Pa. Superior Ct. 585; 35 Cyc. 270.

*William P. Davis, Jr.,* and with him *Samuel W. Cooper,* for appellee, cited: Jacobson v. Carey, 59 Pa. Superior Ct. 4; Morgan v. McKee, 77 Pa. 228; Zeller v. Haupt, 41 Pa. Superior Ct. 647; Spiegelberg v. Karr, 24 Pa. Superior Ct. 339.

OPINION BY KELLER, J., December 1, 1919:

The plaintiff sued the defendant for $692, the purchase price of a Gardner grinding machine. The defendant admitted owing this sum, but claimed to set off damages sustained by it by reason of a breach of warranty of a No. 3 Lees Bradner thread milling machine previously sold by the plaintiff to one C. V. Roberts and paid for; the right of action for said breach having been assigned by Roberts to the defendant previous to this suit.

Four assignments of error have been filed which we will consider in their order.

1. The evidence of the plaintiff showed that an incomplete Lees Bradner machine, without gears, or collet, was shipped to Roberts on January 7, 1916; that on January 28, 1916, the gears belonging to the machine were shipped from the factory and on February 28, 1916, Roberts paid in full for the machine. It was testified by the defendant, and not denied by the plaintiff, that the collet was not shipped to Roberts until April 16th, and there was presented in evidence the correspondence from the manufacturer of the cutters, tools which had to be installed before the machine could be used, showing that they were not shipped until May 11th. The plaintiff's vice-president and general manager testified that the machine could not be run or tested without gears, collet and cutters. The uncontradicted evidence in the case, accordingly, showed that Roberts had paid for the machine nearly three months before it could be run and tested. Notwithstanding this, the plaintiff presented the following point: "If you believe from the evidence that after the receipt of this No. 3 Lees Bradner thread milling machine by the defendants, they inspected and

tested it, and afterwards paid for it; or that after the defendants had a reasonable time in which to inspect and test it, they paid for it, then your verdict should be for the plaintiff in the sum of $692 and interest." The learned trial judge's answer was: "That point is affirmed, provided you also take into consideration all the other facts and circumstances connected with the receipt of the machine and its parts, other than inspection, testing, payment and complaint, of which the defendant testified." We cannot assent to the legal proposition that if a buyer, after a preliminary test, pays for a machine he may not thereafter rely on the warranty contained in his contract and recover damages for a breach of it; but irrespective of the soundness of the legal principle involved there were no facts adduced in evidence in this particular case to support the point and it should have been refused on that ground: Karl v. Juniata Co., 206 Pa. 633, p. 639; Beringer v. Lutz, 179 Pa. 1, p. 11; Welliver v. Penna. Canal Co., 23 Pa. Superior Ct. 79.

2. The plaintiff's third point was: "It is the duty of a vendee to inspect and accept or reject with promptness and unequivocation, and if he does not do so, the vendee will be deemed to have accepted the machine and to have waived any defects, which, on inspection, would have warranted rejection." This was too broad a statement of the law applicable to this case. It must be remembered that the defendant was not seeking to rescind the contract for the Lees Bradner machine. It had not rejected the machine and demanded back the purchase money paid. One who buys goods or machinery under a warranty is not put to the choice of rejecting and rescinding the contract, or of accepting and waiving defects; when he discovers that the machine is not as warranted he may, in the language of Judge ORLADY in Spiegelberg v. Karr, 24 Pa. Superior Ct. 339, cited by the appellee, "elect whether to rescind the contract ......or treat it as a subsisting one and sue on the alleged warranty." His rights are very clearly expressed

by Mr. Justice FRAZER in the recent case of Samuel v. Delaware River Steel Co., 264 Pa. 190: "Where there is an express warranty the general rule is that it survives acceptance of the goods and the purchaser may thereafter sue for the breach of the warranty or may set off damages for such breach against an action for the purchase price of the goods." See also: Miller Lock Co. v. Diehl Mfg. Co., 37 Pa. Superior Ct. 585, p. 591. The learned trial judge, therefore, erred in affirming this point.

3. The learned trial judge also affirmed the plaintiff's ninth point, as follows: "If you find that the defendants with a full knowledge of objections which they claimed to have against the first machine sold, thereupon purchased another machine from the plaintiffs without giving any notice of any claims of defects in the first machine and with the intention of setting off against the price of the second machine, the amount of their claim for damages against the first machine, this would amount to a fraud in law and your verdict should be for the plaintiffs." There was no evidence in the case to justify the assumption that the defendant had bought the Gardner machine for the purpose of setting off against its price the damages claimed by reason of the breach of the alleged warranty on the Lees Bradner machine. On the contrary the plaintiff's own evidence showed that the defendant had tried to buy the Gardner machine from the manufacturers, and had been referred to the plaintiff as their agent, and that the defendant could not buy such a machine from any one but the plaintiff. But irrespective of the facts, it is not a correct statement of the law. It is not a fraud for one who has a claim against another simply to buy goods from his debtor for the purpose of settling or evening the account. It is true, if he agrees to pay cash for his purchases, the seller, may if he acts promptly, retake the goods if the money is not paid on delivery of the goods: Bowen v. Burke, 13 Pa. 146; Frech v. Lewis, 218 Pa.

141. But if he fails to act promptly and the title passes to the buyer, the latter's original claim is not affected in any manner by the transaction. The case of Harner v. Fisher, 58 Pa. 453, cited by the appellee, does not sustain the point. In that case Fisher was allowed to replevy and recover back the horse which Harner had secured from him through a combination with, and the false pretenses of, a third party, for the purpose of applying the value of the horse on account of a note which he held against Fisher. But nowhere in the opinion is it intimated that if Fisher had not chosen to set aside the sale and recover back his horse, the note would have been invalidated in the hands of its holder. Bughman, Trustee, v. Central Bank, 159 Pa. 94, the other case cited by the appellee, related to a purchase by an insolvent buyer intending at the time not to pay, and reluctantly adhered to the established rule that a purchase under such circumstances did not amount to fraud in the absence of false representation, trick or artifice or conduct involving a false representation. It has no applicability to the present case. The point should have been refused.

4. The affidavit of defense distinctly averred in paragraph 9 that the business of Charles V. Roberts, who had purchased the Lees Bradner machine from the plaintiff was incorporated on April 6, 1916, under the name of the defendant and that on April 14, 1916, the said Roberts had assigned all the assets of said business, including all contracts, machines, accounts and rights of action, including said machine purchased from the plaintiff, to the defendant. The plaintiff in its reply said that it was not informed as to the allegations in said paragraph 9 of the affidavit; it did not even call for proof of them. The reply did not amount to a denial of the facts alleged in paragraph 9 of the affidavit of defense and under the provisions of the Act of May 14, 1915, P. L. 483, Sec. 6, they were taken to be admitted on the trial and the defendant was not required to offer proof of them. The defendant's third point, however,

went too far in using the word "properly," which might in this connection have been construed to rule the right or propriety of the defendant's claim of set-off.

The first, second and third assignments of error are sustained; the judgment is reversed and a venire facias de novo is awarded.