Plympton Cabinet Company *v.* James Rosenberg, Appellant.

Argued April 19, 1929.

Before PORTER, P. J., TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*Philip E. Hamilton,* for appellant, cited: Fuel City Mfg. Co. v. Waynesburg Products Corp., 268 Pa. 441; Llyus v. Buch, 34 Pa. Superior Ct. 43.

*Raymond R. Goehring,* and with him *Randall B. Luke,* for appellee, cited: Slifer v. Slifer, 286 Pa. 299; Shannon v. Castner, 21 Pa. Superior Ct. 294.

OPINION BY KELLER, J., July 2, 1929:

These two appeals are so related that they should be considered together and disposed of in one opinion. They are from orders refusing to open judgments entered by confession against the defendant by virtue of warrants of attorney contained in contracts of sale for two electric refrigerating cabinets bought by him from the legal plaintiff.

The first refrigerator cabinet, a fourteen foot case for use in defendant's meat and grocery store, (Ap-

peal No. 196, April T., 1929) was sold on May 19, 1926, for $1,134, of which $174 was paid in cash and the balance $960 was to be paid in twelve monthly instalments of $80 each. The agreement was in the form of an accepted order and provided that the written "contract covers all agreements between the parties hereto, and all the terms and specifications have been distinctly understood; and you [the seller] shall not be bound by any representation or promise made relative to this transaction which is not embodied herein." Endorsed on the paper was the following: "If for any reason whatsoever within sixty days the buyer does not wish to keep this article he may return the same and any money paid will be returned in full. D. Hamilton." Hamilton was a partner in the Plympton Cabinet Co., the seller, and had authority to bind his firm by such a provision. It was on the order when accepted by the legal plaintiff and must be held to constitute part of the contract. It is not, however, a warranty, but rather an option to the buyer to return the cabinet within sixty days; and this option was not dependent on the cabinet proving unsatisfactory or failing to refrigerate the buyer's meats properly, but might be exercised for any reason whatsoever which appealed to him, thus giving him a period of sixty days to decide whether he wanted to keep the case or send it back. The option expired with the sixty days, and if the buyer did not elect to return it within that period he could not do so thereafter, but must pay the price as agreed upon. The evidence in the case fails to show any exercise by defendant of the option thus given him, or any dissatisfaction expressed by him within that period which could be construed as amounting to a wish or desire to return the case. On the contrary, near the close of the sixty day period defendant bought from the Plympton Cabinet Co., an-

other cabinet or refrigerating case. His subsequent dissatisfaction with one or both of the cabinets could not be used as a defense to the purchase money due on the first case. His day of grace, as to it, had gone by.

The second cabinet, however, (Appeal No. 195, April T., 1929) is on a somewhat different footing. It was a ten foot counter case, purchased July 8, 1926, for $840, of which $240 was to be paid in cash and $600 in twelve instalments of $50 each. The same clause as to the written contract covering all the agreements between the parties was included in the order form, but the following endorsements were made on the paper and signed by Hamilton: "July 8, 1926. This case must prove satisfactory in every way or full purchase price will be refunded. Plympton Cabinet Company. D. Hamilton." "Same agreement covering this as other case sold to Mr. Rosenberg. D. Hamilton." These writings were on the order when accepted by the legal plaintiff; Hamilton was a member of the firm with authority to make them, and they must be held to constitute part of the contract.

The effect of these clauses is not only to give the buyer the option to return the cabinet for any cause within sixty days, which is evidently the meaning of the second endorsement, but also, by virtue of the first endorsement an express warranty that the case or cabinet will prove satisfactory, and properly refrigerate defendant's meats. Even though the cabinet was to be operated in connection with an electrical refrigerating unit purchased at the same time from another firm, the seller could make such an agreement of warranty and will be bound by it: Wolverine Glass Co. v. Miller, 279 Pa. 138.

The defendant did not avail himself of the option to return the case within sixty days; nor did he rescind the contract for breach of the express warranty

in the contract, and return the case as unsatisfactory. But he was not bound to do either. He could accept and keep the case, and set up against the seller the breach of warranty by way of recoupment in diminution or extinction of the price: Sales Act of 1915, P. L. 543, Sec. 69 (1a); Samuel v. Delaware River Steel Co., 264 Pa. 190; Sheritt & Stoer Co. v. Roberts Engineering Co., 73 Pa. Superior Ct. 147, 150; and the measure of damages, in such event, would be the loss directly and naturally resulting, in the ordinary course of events, from the breach of warranty, which, in the absence of special circumstances showing proximate damage of a greater amount, would be the difference between the value of the case as delivered to the buyer and the value it would have if it had answered to the warranty: Sales Act, supra, Sec. 69 (6 and 7). The defendant adopted the last named course. He did not rescind the sale, but kept the cabinet and in this proceeding seeks to set off against the judgment the damages resulting from the breach of warranty. This he had a right to do.

It is unnecessary to review the evidence taken on the rule. It was sufficient to make a prima facie showing of breach of warranty, and establish a failure on the part of the seller to deliver a satisfactory cabinet. Complaint was seasonably made, followed by continuous attempts on the part of the seller to rectify the trouble without avail. The plaintiff produced no evidence, so for the purpose of this rule the credible evidence establishes a breach of warranty on the part of the seller, with substantial damages by way of recoupment in diminution or extinction of the price, represented by the judgment in suit. The learned court below was of opinion that because these damages were not so definitely fixed by the evidence taken on the rule that from it a jury could determine their

amount, it was its duty to discharge the rule. We do not so understand the law. The damages claimed were unliquidated. It was not the province of the court below, on this rule, to settle the amount of the damages the defendant had suffered by reason of the legal plaintiff's breach of warranty; its function was only to determine whether from the evidence submitted before it the defendant had suffered damages because of such breach of warranty, and if so to send the case to a jury to determine their amount: Hoffman v. Winston, 86 Pa. Superior Ct. 130, 135. In other words, for the purpose of this rule the defendant was only required to show that he had a good and substantial defense in whole or in part to the claim on which the judgment in question was founded: Beaty v. Bordwell, 91 Pa. 438, 441; Stroud's App., 109 Pa. 326, 329; Mullen v. Mageoch, 14 W. N. C. 127 (MITCHELL, J.) ; and it thereupon became the duty of the court to open the judgment and award an issue to try the facts which are alleged to constitute a defense to the judgment; and then, in due time, when the issue came before a jury, it would be incumbent on the defendant definitely to establish, in accordance with legal rules, the damages which he had suffered in diminution or extinction of the judgment.

We are of opinion that the uncontradicted evidence in the case established a prima facie case of breach of warranty entitling the defendant to substantial damages in diminution of the judgment and that the court should have made the rule to open the judgment absolute and left to a jury the duty of determining the amount, if any, due upon it.

The instrument containing the warrant of attorney to confess judgment was not negotiable. The use plaintiff is therefore concluded by any defense against the legal plaintiff.

336

In No. 195, April T., 1929—The order is reversed. The rule to open judgment entered in the common pleas of Lawrence County to No. 397, December T., 1927, and let the defendant into a defense, is reinstated and made absolute.

In No. 196, April T., 1929—The order is affirmed.