## Lloyd, Appellant, *v.* Jacoby.

Argued October 2, 1944.   Before KELLER, P. J., BALD-
RIGE, RHODES, HIRT, RENO and JAMES, JJ.

*Alex. A. Garroway,* with him *Campbell, Wick, Houck
& Thomas,* for appellant.

*Robert W. Semenow,* for appellee.

OPINION BY BALDRIGE, J., October 27, 1944:

This appeal is from the order of the court below
making absolute a rule to open judgment confessed
by virtue of a warrant of attorney in a written lease.

The appellee went into possession of a dwelling house located at 1943 South Negley Avenue, Pittsburgh, Pennsylvania, on or about November 1, 1938, under a written lease with Elizabeth Lloyd Hyde, who was represented by George Bros., real estate agents. During the term of the lease, which ended on April 30, 1941, the property was conveyed by the lessor to her mother, Sara S. Lloyd, the appellant herein. Negotiations for renewal of the lease were conducted by Louis Willard, Jr., a real estate broker employed by George Bros. Jacoby, the lessee, told Willard that he was unable to adequately heat the house and as a result he and his family had suffered much discomfort and inconvenience and refused to sign a new lease unless the heating system be made to function satisfactorily. A new lease for a term of 27 months beginning February 1, 1942, at a monthly rental of $165, was forwarded to Mrs. Lloyd, who was in Arizona. She signed and returned the lease to Pittsburgh where it was executed by Jacoby on January 27, 1942. It contained inter alia the following provisions: "4. To repair heating system and put in efficient working order, by not later than July 15, 1942."

The lessee presented his petition to open the judgment alleging that the lessor had failed to comply with the terms of the lease in that the heating system was not repaired and made efficient and that the house was so cold the health of the defendant and the other occupants of the premises was endangered and it was necessary for him, owing to the plaintiff's breach of contract, to vacate the house November 25, 1942. An answer was filed denying that the lessor had failed to make the necessary repairs to the heating system and put it in efficient order, alleging that it had been properly repaired by January 23, 1942, after she had signed the lease in Arizona, but before the lessee had executed it.

Depositions were taken and filed April 27, 1944, and

testimony was taken the same day in open court. On May 1, 1944, the rule to show cause why judgment confessed under the lease should not be opened was made. The testimony was not lengthy. The matter came before the court sitting en banc consisting of three judges and apparently later the same day an order was made opening the judgment, but it was not until June 28, 1944, that the court's final opinion affirming the order was filed. This appeal was taken.

The appellant complains that the court was guilty of abuse of discretion in opening this confessed judgment without having read the testimony. That contention is unsupported by affirmative proof. But whether or not the court read all the testimony is not vitally important as the question before us is: Was the court guilty of error in opening the judgment upon the facts as they then appeared in the record, which consisted of the petition, the answer thereto, the depositions filed, and the testimony? *Rosenblum et al. v. Edwards,* 137 Pa. Superior Ct. 33, 8 A. 2d 468.

The lessee gave testimony to support the allegations in his petition that the heating system had not been repaired so that it would give adequate heat. Mr. Willard, called by respondent, testified that he agreed with the lessee the repairs would be made and that subsequent to January 27, 1942, nothing actually was done to the furnace or heating system. It appears a letter, made part of the petition to open the judgment, was written by the lessee to George Bros. complaining of the cold conditions in the house and that his requests for compliance with the terms of the agreement had been ignored. Mr. Willard in his reply, dated September 30, 1942, stated: "We have tried every means of obtaining material to repair the furnace, as agreed upon. There is a chance we may still be able to get it."

The lessor contends, as averred in her answer, that the heating system was repaired and if the lessee experienced a lack of heat it was due to his own neglect

and inability to properly operate the furnace. Clearly, issues of fact arose and appeared in the record for determination by a jury. It has been consistently held that to pass upon a rule to open a judgment is a matter within the discretion of the lower court and that we will not interfere therewith unless it clearly appears that there is an abuse of discretion, and that not only the testimony, but the pleadings, may be taken into consideration to determine whether or not a meritorious defense is indicated: *Spinelli et ux. v. Costello*, 271 Pa. 204, 114 A. 367. It was said in *Massey v. Massey et al.*, 267 Pa. 239, 242, 110 A. 341: "...... but when, on the pleadings and proofs, doubts exist as to what is the real justice and equity of the case, the court below ordinarily will not be reversed for opening or refusing to open a judgment, for its order, especially when interlocutory as the present one is, is within its sound discretion." See, also, *First National Bank of Mount Holly Springs v. Cumbler*, 145 Pa. Superior Ct. 595, 601, 21 A. 2d 120.

In *Hamilton v. Sechrist*, 142 Pa. Superior Ct. 354, 16 A. 2d 671, cited by appellant, there was a responsive answer, but no depositions were taken. We held there, as there was no competent evidence to support the averments in the petition that the court below erred in opening the judgment. That case is not similar in its facts to this one as the averments in the petition were supported by testimony. Nor do we have simply oath against oath as in *Cruzan v. Hutchison*, 210 Pa. 88, 59 A. 485; *Matovich v. Gradich et ux.*, 123 Pa. Superior Ct. 355, 362, 187 A. 65, to which our attention has been called by the appellant. The testimony of the lessee is corroborated in important details and some of the essential averments in the petition were admitted.

A careful review of this testimony fails to convince us that the court was in error in opening this judgment.

Order is affirmed at appellants costs.