## Frigidinners, Inc., Appellant, *v.* Branchtown Gun Club.

Argued October 5, 1954. Before Rhodes, P. J., Hirt, Ross, Gunther, Wright, Woodside and Ervin, JJ.

*Harry R. Kozart,* with him *Arthur E. Ricchiuti,* for appellant.

*David Berger,* with him *Isadore Krasno,* for appellee.

OPINION BY ERVIN, J., November 15, 1954:

On May 31, 1951, judgment was entered against the Branchtown Gun Club, appellee, on behalf of Frigidinners, Inc., appellant, based on a warrant of attorney contained in a judgment note dated July 7, 1950 in the amount of $730.00.

The note had been executed by the appellee as collateral security for the payment of the purchase price of a Carrier Freezer purchased by appellee under a conditional sales contract dated July 7, 1950. On June 12, 1951 appellee filed a petition for a rule to open judgment. Subsequently, depositions were taken and James T. Harvey, the president of the Club, testified on behalf of appellee. No testimony was offered on behalf of appellant. After argument the court below issued an order on May 17, 1954 opening the judgment. This appeal followed.

In the petition to open judgment the appellee averred inter alia: (1) that the parties had agreed that Frigidinners were to be placed upon the premises of appellee for thirty days but if not satisfactory they were to be removed and all the papers executed, including the conditional sales contract and the judgment note, were to be null and void; (2) that the Frigidinners had not performed properly and were not satisfactory; (3) that the food served with the Frigidinners was not merchantable. The appellant denied the allegations in the petition and in its answer averred, inter alia, that the conditional sales agreement executed July 7, 1950 constituted the entire contract

between the parties, and that the contract in no way provided for food to be served with the Frigidinner appliance.

It was established by depositions that the conditional sales agreement and the judgment note were signed by James T. Harvey, the president of the Club. Mr. Harvey also testified that as an inducement to enter into the contract twenty-five dollars worth of food was placed in the freezer, for which there was to be no charge if the Club did not keep the freezer. It was further testified that no payments were made on the note, that the food platters furnished by appellant, used in connection with the freezer, were unsatisfactory and not saleable, and that notice was given to the appellant that the Club did not want the freezer.

The question presented by this appeal is whether the court below abused its discretion in opening the judgment.

It is well established that an application to open a confessed judgment is addressed to the sound discretion of the court which, in the exercise thereof, is governed by equitable principles; and on appeal the court's dispositive order will not be reversed except for a clear abuse of discretion. *Baron v. Bernstein,* 175 Pa. Superior Ct. 608, 106 A. 2d 668. In passing upon a rule to open a judgment both the pleadings and the testimony may be taken into consideration in determining whether or not a meritorious defense has been indicated by one who seeks to open judgment confessed against him. *Lloyd v. Jacoby,* 156 Pa. Superior Ct. 105, 39 A. 2d 525.

Appellant contends the judgment note and the conditional sales agreement for which it was collateral security constitute the entire contract between the parties and their respective rights and obligations are fully contained therein in clear and unambiguous

terms. This contention is based on a specific provision of the conditional sales agreement which reads as follows: "6. This Contract contains the entire agreement between Seller and Buyer; there are no other representations, warranties or covenants by either party. This Contract may not be modified except in writing."

However, appellee does not seek to sustain the order of the court below in opening the confessed judgment by the assertion of any changes in the terms of the contract. Appellee contends the depositions disclosed sufficient facts to establish the breach of an implied warranty of merchantable quality under the second clause of §15 of The Sales Act of May 19, 1915, P. L. 543, 69 PS §124, which provides: "Where the goods are bought by description from a seller who deals in goods of that description (whether he be the grower or manufacturer or not), there is an implied warranty that the goods shall be of merchantable quality."

Relying on the disclaimer clause contained in the contract noted supra, appellant argues that the conditional sales contract contains the entire agreement between the parties and precludes the assertion of any warranties, express or implied, by the appellee.

In recognition of the power of the parties to vary the usual obligations of a contract, The Sales Act, supra, in §71, 69 PS §332, provides in part as follows: "Where any right, duty, or liability would arise under a contract to sell or a sale, by implication of law, it may be negatived or varied by express agreement or by the course of dealing between the parties, or by custom, if the custom be such as to bind both parties to the contract or the sale." *But there is no express disclaimer of implied warranties in the agreement here involved.* And it has been held in a number of cases that a provision that the written contract of sale contains all agreements between the parties does

not preclude an implied warranty. 46 Am. Jur., Sales, §335. See 75 A.L.R. 1081; 127 A.L.R. 160; 133 A.L.R. 1364. Pertinent and applicable to the facts in this case is the statement in *Hobart Manufacturing Company v. Rodziewicz,* 125 Pa. Superior Ct. 240, 244, 189 A. 580: "The doctrine is well established that when a buyer relies on the judgment of a seller who knows the purpose for which the property is to be used, there is an implied warranty that the property is reasonably fit for the purpose for which it was bought, and it is not excluded by a written contract eliminating any warranty that may have been made by the seller. The implied sales warranty arises independently and outside of the contract and is imposed by operation of law. See Bekkevold v. Potts (Minn.), 216 N.W. 790, 55 C.J. p. 715 §701; 59 A.L.R. 1165 and annotations on page 1223."

Moreover, parol evidence may be received to show circumstances tending to establish an implied warranty. *Hobart Manufacturing Company v. Rodziewicz,* supra. Under the circumstances in this case it was therefore proper to consider the testimony of the president of the Club who negotiated the contract here involved. Furthermore, a warrant of merchantability is a warranty that the goods are reasonably fit for the general purpose for which they are sold. See *Knapp v. Willys-Ardmore, Inc.,* 174 Pa. Superior Ct. 90, 100 A. 2d 105. Testimony which tends to show that the freezer did not satisfactorily preserve the frozen food platters was therefore admissible to show a possible breach of the implied warranty that the freezer would satisfactorily perform the functions for which it was purchased, namely, the proper preservation of frozen food platters.

It is also noted from the pleadings and testimony that there appears to be a dispute as to whether the

conditional sales agreement did represent the entire agreement or whether the agreement between the parties was in the nature of a "package deal," providing not only for the sale of a freezer but also for the supplying of the frigidinner platters to be used in connection with the freezer. The latter view of the nature of the agreement between the parties is supported by the letter from appellant to appellee (Exhibit No. 4) which contains the following statement: "We trust that the food delivered to you by our distributor also meets with your approval.", and by the clause at the end of the letter reading: "Customer: This is to certify that I have received the frozen Food Platters, racks, trays, advertising material as per our agreement." If the agreement between the parties be considered a "package deal" the averments of the petition together with the testimony of the president of the Club constitute a good defense to the claim upon which the judgment was founded. Moreover, the nature of the agreement and the circumstances under which it was executed, the testimony relating to the free dinners to be initially installed in the freezer by the appellant at no cost, and the testimony relating the offer of appellant to serve seventy-five free dinners to the members of the Club—an offer made after appellant was aware the freezer was unsatisfactory—all tend to corroborate the "package deal" version of the agreement between the parties. Where there are corroborative circumstances, or circumstances from which inferences may be drawn corroborating the claim of one who seeks to open a confessed judgment, it is proper to open the judgment and refer the question to a jury. *Deviney v. Lynch,* 372 Pa. 570, 94 A. 2d 578.

For the purpose of the rule to open judgment the appellee was only required to show that it had a good defense in whole or in part of the claim on which the

judgment was founded. Once this requirement was met it became the duty of the court below to open the judgment and allow the appellee to definitely prove its case by proper evidence before a jury. *Plympton Cabinet Co. v. Rosenberg,* 96 Pa. Superior Ct. 330. Moreover, where, on the pleadings and proof, doubts exist as to what is the real justice and equity of the case, the court below, ordinarily, will not be reversed for opening or refusing to open a judgment since its order, when interlocutory, as is the present one, is within its sound discretion. *Lloyd v. Jacoby,* supra.

We are of the opinion that the evidence in this case established a prima facie defense of breach of an implied warranty. It is therefore unnecessary to determine whether the defense of fraud was also sufficiently established and available to appellee.

Order affirmed at appellant's costs.