Lytle, Appellant, *v.* Walters.

Argued March 21, 1957.   Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*T. Dean Lower,* for appellant.

*Richard A. Carothers,* for appellees.

OPINION BY GUNTHER, J., June 11, 1957:

Joseph O. Lytle, plaintiff-appellant in this appeal, sold to Sheldon L. Walters and Helen V. Walters, defendants, a dry goods and grocery business for the sum of $3500.00, under Articles of Agreement.   Defendants signed a judgment note in favor of the plaintiff for $3500.00 and agreed to pay $200.00 down and $150.00 or more per month on the balance.   On July 22, 1954, plaintiff entered the judgment note against defendants and filed a Writ of Fieri Facias for $1,018.21, plus interest, attorney's commission and costs.   On February 28, 1955, a petition for rule to open judgment was filed and a rule to show cause was granted.   Amendments to the petition and answer were filed, deposition taken and a decree was entered opening the judgment.

The sole question before us is whether the lower court abused its discretion in opening the judgment.

In the petition to open judgment, appellees averred,

inter alia, that on the 30th day of July, 1954, pursuant to the terms of the Articles of Agreement, they gave written notice to the plaintiff that it was their intention not to exercise the option to purchase the personal property and thereupon returned the property to the plaintiff. The appellant not only denied the allegations that the appellee had an option to purchase the property involved, but in the answer averred that defendants were liable for the full selling price of $3500.00. Before proceeding further we are required to consider the Articles of Agreement which read as follows:

### "ARTICLE OF AGREEMENT

"MADE this 11th day of February 1954, between Joseph O. Lytle and Sheldon L. Walters and Helen V. Walters his wife WITNESS, That the said Joseph O. Lytle and assigns, in consideration of the sum of Two Hundred ($200.00) dollars to Him paid, receipt of which is hereby acknowledged, gives to the said Sheldon L. Walters & Helen V. Walters or assigns, the exclusive right to purchase at any time within on Final Payment from the date hereof, all that certain Soft Drink Cooler, Soda Fountain, Meat Case, Meat Blocks, Desk, 3 Show Cases, All shelves except a Section of Black belongs to Building; Meat Grinder, Slicer, Scales, Cash Register, Counters, all Merchandise in Store Room, with above equipment located in Fay Building 410 Second Street Williamsburg, Penna. for the sum of ($3500.00) Thirty-five Hundred dollars, payable as follows: at Rate of 150.00 One hundred and Fifty or More per Month provided the said Sheldon L. Walters shall pay the total in payment until the amount of price aforesaid.

"And the said Joseph O. Lytle agrees to deliver to said Sheldon L. Walters or assigns, a Paid Bill of Sale in fee simple.

"Time is of the essence of this option, and if the party of the second part his heirs or assigns, shall not notify the party of the first part, his heirs and assigns in writing that he is unable to complete payment said Sheldon L. Walters at the price and terms aforesaid, at or before the expiration of Complete Payment from the date hereof, then this agreement shall forthwith become null and void and of no effect.

"Each of said parties bindeth himself, his heirs, executors and administrators, unto the other, his executors, administrators and assigns, firmly by these presents. Sheldon L. Walters also agrees not to remove from the property any equipment without J. O. Lytles' permission.

"Witness our hands and seals the day and year first above written.

Witness

"W. Jean Kifer Justice of Peace, 801 Third Street
Williamsburg, Penna.

J. O. Lytle                                    (Seal)
Sheldon L. Walters   Helen V. Walters (Seal)"

It was established by deposition that one of the defendants did notify Mr. Lytle that they no longer desired to continue the operation of the store and that they were rescinding the option agreement entered into. Appellant, however, contends that the judgment note and the Articles of Agreement, for which it was collateral security, constitute the entire contract between the parties and that their respective rights are fully contained therein in clear and unambiguous terms.

The questions now arising are: (1) did the construction of the contract present a question of law for the court or one of fact for the jury; and, (2) if the former, what was the intent of the parties as evidenced by the Articles of Agreement.

The court below, in its opinion, came to the conclusion that the Articles of Agreement were signed under a mutual misunderstanding of fact, that they are of such confusing nature that they do not lend themselves to interpretation of the intent of the parties and that it would be unfair to state either that the agreement was an option not to buy or a valid judgment. We agree with the lower court that the true intent of the parties cannot be ascertained without allowing a jury to pass upon the facts and find the actual understanding between the parties.

Where, on the pleadings and proof, doubts exist as to what is the real justice and equity of the case, the court below, ordinarily, will not be reversed for opening or refusing to open the judgment. An application to open a confessed judgment is addressed to the sound discretion of the court below. *Frigidinners v. Branchtown Gun Club,* 176 Pa. Superior Ct. 643, 109 A. 2d 202.

In passing upon a rule to open a judgment, both the pleadings and the testimony may be taken into consideration in determining whether or not a meritorious defense has been indicated by one who seeks to open judgment confessed against him. *Lloyd v. Jacoby,* 156 Pa. Superior Ct. 105, 39 A. 2d 525.

Where there are corroborative circumstances from which inferences may be drawn corroborating the claim of one who seeks to open a confessed judgment, it is proper to open the judgment and refer the question to the jury. *Deviney v. Lynch,* 372 Pa. 570, 94 A. 2d 578.

For the purpose of the rule to open judgment, the appellees were only required to show that they had a good defense in whole or in part of the claim on which the judgment was founded. *Plympton Cabinet Co. v. Rosenberg,* 96 Pa. Superior Ct. 330.

We agree with the lower court that in this case justice can only be done to both parties by allowing a jury to find the actual understanding between the parties.

Decree is affirmed.