## Walton v. William H. Corby, Inc.

*William H. Mitman*, for plaintiff.

*Lawrence M. Aglow*, for defendant.

GAWTHROP, P. J., November 13, 1963.—The individual defendant, William H. Corby, seeks to open a judgment by confession entered against him on a note. The corporate defendant, William H. Corby, Inc., has not joined in the petition. Depositions were taken in support of the application and after argument the matter is before us for decision. The rule must be discharged.

The body of the note, omitting the warrant of attorney to confess judgment contained in it, is in the following form:

"4020.00    Avondale, Pa., October 1st    1960
Thirty Days after date    I    promise to
PAY TO THE ORDER OF    Joel M. Walton
Four Thousand twenty and . . . . . .no/100 Dollars
Payable at The National Bank of Avondale, Avondale, Pa.

William H. Corby Inc. (SEAL)
William H. Corby        (SEAL)

Int Pd $20.00 (Pay in full at maturity)"

On August 8, 1961, judgment was confessed against the corporate defendant alone for the amount of the note, less payments on account of $250, plus interest from June 16, 1960, to August 8, 1961, in the total sum of $3,996.82. On June 16, 1963, judgment was confessed against the individual defendant for the amount of the note, less payments on account of $250, plus interest from June 16, 1960, to January 10, 1963, in the total sum of $4,351.36. The individual defendant's rule to open judgment was allowed February 27, 1963. No question is raised as to possible exhaustion of the warrant of attorney by entry of the earlier judgment against the corporate defendant alone. The attack made is on the ground that the individual defendant executed the note only as an officer of the corporate defendant and not as an individual, so that he is not personally liable thereon.

The case is controlled by the provisions of the Uniform Commercial Code of April 6, 1953, P. L. 3, sec. 3-403, as amended by the Act of October 2, 1959, P. L. 1023, sec. 3, 12A PS §3-403(2), which provides, inter alia: "(2) An authorized representative who signs his own name to an instrument . . . (b) except as otherwise established between the immediate parties, is personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity, or if the instrument does not name the person represented but does show that the representative signed in a representative capacity."

Section 3-403(2) of the code as originally enacted was intended to provide a rule of law for determination of the effect of the representative's signature from the face of the instrument itself. It excluded parol evidence for any purpose except reformation of the instrument. The rule as originally stated by the

section made the representative personally liable unless the instrument itself clearly showed that he signed it only on behalf of another named in the instrument. If he did not sign it in such a way as to make that clear the responsibility was his, subject to the remedy of reformation in a proper case: Comment 3 under 12A PS §3-403 prior to the 1959 Amendment; Grange National Bank of Lycoming County v. Conville, 8 D. & C. 2d 616. However, the exception contained in the 1959 amendment relaxed the severity of that rule as between the parties themselves.

The Pennsylvania Annotation to the 1959 amendment makes it clear that the revised subsection (2) of section 3-403 changes the stringent rule of the 1953 Code which made a signing agent personally liable unless the instrument itself *both* named the principal and disclosed the agency relationship. Under the amendment, as between the parties themselves, an agent who has complied with *one* of the two requirements may show the other requirement by evidence outside the instrument. Thus the rule prevailing before the 1953 Code, as set forth in Dormont Savings & Trust Co. v. Kommer, 338 Pa. 548, is reestablished. Since the note in question is dated after January 1, 1960, the effective date of the 1959 amendment, the amended section controls: In the Matter of Harold Laskin, Bankrupt, 204 F. Supp. 106; Anderson's Uniform Commercial Code, Vol. 1, §3-403:6, p. 626. The evidence contained in the depositions must therefore be considered.

To justify opening the judgment the individual defendant has the burden of showing a valid defense by such a preponderance, and not a mere conflict, of evidence that a jury should and probably would find in his favor: Lytle v. Walters, 184 Pa. Superior Ct. 246; Gardner v. Salem, 123 Pa. Superior Ct. 418; Lukac v. Morris, 108 Pa. Superior Ct. 453. The application is

addressed to the sound discretion of the court: Lytle, supra, at 250; Frigidinners v. Branchtown Gun Club, 176 Pa. Superior Ct. 643; and the evidence must carry such conviction of truth as to assure the court that the judgment should be opened and a jury trial awarded: Stoner v. Sley System Garages, 353 Pa. 532, 535. Applying the above rules, petitioner has not carried his burden of proof of showing by a preponderance of the evidence a valid defense to the judgment or demonstrated that a jury should and probably would find in his favor. Consequently the prayer of the petition must be denied and the rule discharged.

In this proceeding we are not called upon to, and therefore do not, decide whether the warrant of attorney to confess judgment was exhausted by confession of the earlier judgment against the corporate defendant.

And now, November 13, 1963, the prayer of the petition is denied and the rule is discharged.