## Small *v.* Small, Appellant.

Argued November 19, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Spencer R. Liverant,* with him *Arthur Markowitz, Lewis P. Sterling, James E. Buckingham,* and *Markowitz, Liverant, Rahauser & Kagen,* for appellant.

*Emanuel A. Cassimatis,* with him *Henry B. Leader, McClean Stock,* and *Stock and Leader,* for appellee.

OPINION BY GUNTHER, J., January 21, 1958:

On May 12, 1953, John Small, appellant, and Irene J. Small, now Irene Van Name, appellee, signed two documents purporting to settle their domestic difficulties and the situation of their child, Margaret Small.

One document provided that appellant pay all of the child's education and appellee support the child for a period of eleven years; the appellee was also to have custody and the appellant to have right of visitation. The other document provided that appellant pay appellee the sum of $500 per month for a period of eleven years. The right of visitation enabled the father to see the child at appellee's residence on Springettsbury Avenue, York, Pennsylvania. In November, 1953, the child was taken to Long Island with the father's permission. On December 12, 1953, the mother remarried and took the child from United States to Hong Kong. The father requested the return of his daughter to the United States but without success.

On May 20, 1954, appellee entered judgment against appellant for the sum of $3,335.50 under a warrant of attorney contained in one of the documents. This document provided for the payment by John H. Small in the sum of $500 per month for eleven years commencing on the date upon which a final decree of divorce was entered. Two documents were written for the reason that John H. Small desired to be in position where he could assert certain tax benefits on his income tax return.

Appellant contends that the removal of his daughter from the jurisdiction violated the agreement and justified an opening of the judgment. The court below dismissed the rule to show cause why judgment should not be opened.

Did appellant and appellee intend their two written documents to be one contract or two separate and independent contracts? The court below came to the conclusion that two separate contracts were intended and actually entered into.

Appellant urges that the intent was clearly shown by the fact that the single agreement which was origi-

nally drafted contained all the matters which were subsequently embodied in the two later documents.

The testimony on behalf of the appellee consisted of interrogatories, depositions, documentary evidence and discussions leading up to the execution of the two documents. The court below was convinced that the matters in dispute between the parties were settled by not one but two separate and independent contracts. The reasons for writing and entering into two contracts were discussed between counsel in the presence of both parties.

The testimony of H. B. Leader, Esq., in response to a question, disclosed that Mr. Liverant, attorney for appellant, called him and suggested the desirability of handling the matter in two agreements for tax purposes and the advantages thereof. Mr. Small's counsel urged the tax desirability of having two agreements in this situation as opposed to one. It was further testified that counsel for appellant wanted the agreement in such form that it could be handed to an internal revenue representative, to stand on its own feet, so that there would be no question as to the deductability of these payments by appellant for tax purposes.

An application to open judgment entered upon a warrant of attorney is an equitable proceeding governed by equitable principles and addressed to the sound discretion of the court. *Frigidinners v. Branchtown Gun Club,* 176 Pa. Superior Ct. 643, 109 A. 2d 202. The weight of evidence and credibility of the witnesses are for the judge who sits as chancellor. On appeal, the appellate court will consider only whether the lower court had acted within the bounds of its discretionary power. An abuse of discretion is not merely an error of judgment, but only if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the re-

sult of partiality, prejudice, bias or ill-will. *Mutual Building and Loan Association v. Walukiewicz,* 322 Pa. 240, 185 A. 648; *Mielcuszny v. Rosol,* 317 Pa. 91, 176 A. 236.

Even if the judgment were opened appellant has not shown by a preponderance of the evidence that a jury ought to find in his favor. *Kaufman, Exrx. v. Feldman,* 118 Pa. Superior Ct. 435, 180 A. 101. Where the proofs are contradictory and simply create a doubt as to the real justice and equity in the case, the refusal of the court below to open judgment will not be reversed. A review of the record shows that the lower court did not abuse its discretion in dismissing appellant's rule to show cause. As a result of a number of conferences, two agreements were prepared, one pertaining to the custody of their daughter, Margaret. Both agreements were dated and executed on May 12, 1953, in the law offices of appellee's counsel and in the presence of the parties.

The evidence further indicates that appellant requested the use of a separate agreement pertaining to the custody of Margaret as necessary to assure that payments made by him would be deductible for income tax purposes.

Mr. Markowitz, counsel for appellant, was asked on cross-examination:

"Q. Mr. Markowitz, would you relate for the record your recollection of why two written agreements were prepared and how two agreements came to be prepared in the situation? A. I have a recollection of two items which arose at the time. The one item was, as I testified before, Mrs. Small's feeling, and her suggestion to Mr. Small in the presence of all of us, that nothing need be said about custody of Margaret, that while there were differences between she and her husband that would not affect the relationship between

him and the child. No. 2 was a tax reason. The matter of income tax was also discussed, what effect this agreement would have. From my viewpoint the tax reason was the major reason. From Mr. Small's viewpoint the visitation was the important reason for putting it in writing."

The evidence is clear that counsel for both parties in the presence and with consent of their clients, agreed that there should be two separate, distinct and independent contracts.

The circumstances prior to the execution of the contracts, the difficulties existing between the parties and the objects they desired to attain establish without doubt that the parties intended the two contracts to be separate and independent. A breach on one, therefore, cannot be the basis of default in the other. In *Douglass v. Queeney,* 109 Pa. Superior Ct. 336, 167 A. 453, we held that "All rules of construction are simply means to a given end, by those methods of reason which experience has taught are best calculated to lead to the intention, and generally no rule will be adopted to defeat the intention." Rules of construction are to be applied only when they will aid in discovering the intent of the parties and not where their application would defeat their intent. The lower court found from the evidence introduced that the course of conduct of the parties shows that the two contracts were intended as separate agreements. Appellant attempts to take the position that two independent agreements exist for income tax purposes but only one for his duty to pay the monthly payment pursuant to the property settlement. Appellant desired a tax saving on $6,000 a year for eleven years. If the payment were considered as support payment, the tax saving could not be legally accomplished.

474

Where contracts are put into several instruments, each of which has a sensible meaning and may have a full operation by itself, it would be a hazardous assumption to put them together for the purpose of making them mean, as one, something different from what they could in a separate state. See: 12 Am. Jur. 781, sec. 246.

The court below committed no error dismissing the rule to show cause.

Order affirmed.