Mosse, Appellant, *v.* Goldsmith.

Argued November 12, 1958. Before RHODES, P. J., HIRT, GUNTHER, ERVIN, and WATKINS, JJ. (WRIGHT and WOODSIDE, JJ., absent).

*Allen N. Brunwasser,* for appellant.

*Edwin B. Goldsmith,* for appellee.

OPINION BY ERVIN, J., December 9, 1958:

This is an appeal from the order of the court below refusing to open a judgment entered by default.

On February 15, 1955 the court below entered an order sustaining defendant's preliminary objections to plaintiff's complaint in assumpsit and allowing plaintiff 20 days (later extended to 40 days) to file an amended complaint. Plaintiff did not file an amended complaint but filed interrogatories which were objected to by defendant. On May 6, 1955 the court below sustained the objections. On August 3, 1955, more than five months after leave to amend was given, the court below entered an order striking plaintiff's complaint from the record and entered judgment for the defendant. On August 15, 1955 plaintiff obtained a rule to show cause why the judgment should not be opened. An answer was filed to the petition to open judgment. The plaintiff, without taking depositions, ordered the matter on the argument list. After argument before the court in banc, the rule to open was discharged. Plaintiff appealed. The only question on this appeal is whether there was an abuse of discretion by the court below in refusing to open the judgment.

The principal reason assigned by the attorney for appellant for his failure to file an amended complaint was that he was very busy with his office practice. This is not a sufficient reason to justify a delay of more than five months in the filing of the amended complaint. He also wrote a letter to defendant's counsel and asked "If you intend to take advantage of the forty days given to file an amended complaint, will you please let me know by letter so that I can obtain an order of court granting an extension." No answer was received to this letter. As a matter of fact, however, the defendant's counsel did not take advantage of the forty-day period but waited for more than five

months after the expiration of that period before taking any action. Counsel for defendant might have shown professional courtesy to his adversary and have given notice of his intention to appear in court and seek a default judgment. We are unable, however, to say that the court below abused its discretion in refusing to open the default judgment. Counsel for plaintiff had ample time to file the amended complaint and counsel for defendant was not obliged to wait more than five months to permit this to be done.

"An application to open judgment entered upon a warrant of attorney is an equitable proceeding governed by equitable principles and addressed to the sound discretion of the court. Frigidinners v. Branchtown Gun Club, 176 Pa. Superior Ct. 643, 109 A. 2d 202. The weight of evidence and credibility of the witnesses are for the judge who sits as chancellor. On appeal, the appellate court will consider only whether the lower court had acted within the bounds of its discretionary power." *Small v. Small,* 185 Pa. Superior Ct. 468, 471, 137 A. 2d 870.

"An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record, discretion is abused." *Mielcuszny v. Rosol,* 317 Pa. 91, 93, 94, 176 A. 236.

Order affirmed.