Whelan, Appellant, *v.* Mack.

Argued March 17, 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

■■■■■■■■■■■■

*Joseph T. Murphy,* for appellant.

*Charles L. Guerin, Jr.,* for appellee.

OPINION BY GUNTHER, J., June 10, 1959:

This appeal is from the granting of a rule to open judgment taken in default of an answer. Russell Whelan, appellant, filed a complaint in assumpsit on April 17, 1958, claiming from appellees, John E. Mack and Edna Mack, his wife, the sum of $757.39 as the balance due for repairs made to their home in April, 1953. Two copies of the complaint were served on appellees on April 18, 1958. On May 26, 1958, a *fieri facias* was issued but not served. On October 7, 1958, an *alias fieri facias* was issued. Appellees, on October 15, 1958, filed a petition for a rule to show cause why judgment should not be opened, alleging therein that the claim of appellant was fully paid and that they failed to file an answer because they were ignorant of the necessity to do so, notwithstanding the fact that they had consulted with counsel. An answer to this petition was filed denying receipt of payment and averring that the copies of the complaint served on appellees specifically notified them that they were required to file an answer.

When counsel appeared in the court below, counsel for appellees stated that depositions would not be taken if it were stipulated that the copies of the complaint which he had were the same two copies of the complaint which were served on the appellees. Counsel for appellant so stipulated and the two copies were

received by the court below. An examination of the notice to plead on the copies served on the appellees disclose that the words "required to plead" were completely illegible. After hearing on the show cause order, the rule to open the judgment was made absolute.

The only question on this appeal is whether there was an abuse of discretion by the court below in opening the judgment. Rule 1361 of the Rules of Civil Procedure provides, in part, that the notice to the adverse party shall be "to plead to the enclosed [name of pleading] within twenty (20) days from service hereof." Rule 1026 provides, in part, that "no responsive pleading need be filed unless the preceding pleading is endorsed with a notice to plead." Rule 1029 (d) provides: "Averments in a pleading to which no responsive pleading is required shall be deemed to be denied." If, therefore, no pleading was required to be filed unless the notice to plead was in proper form, the allegations of the complaint were denied and at issue, and the prothonotary was without authority to enter judgment for failure to file an answer.

If the provisions of the Civil Rules of Procedure are relied upon to take judgment by default, care must be taken to make certain that the rule relating to endorsement to plead be fully complied with. The notice in the instant case was illegible in a very material respect and not in compliance with Rule 1361 of the Rules of Civil Procedure. While the defect here involved may have been caused by improper stamping of the required notice, it is the duty of plaintiff or his counsel to make certain that such a notice meets the requirements of the rule before a judgment by default is resorted to.

An application to open judgment is an equitable proceeding governed by equitable principles and addressed to the sound discretion of the court. *Mosse*

*v. Goldsmith*, 188 Pa. Superior Ct. 303, 146 A. 2d 812; *Frigidinners v. Branchtown Gun Club*, 176 Pa. Superior Ct. 643, 109 A. 2d 202. On appeal from the action of the court below, we will consider only whether the court had acted within the bounds of its discretionary powers. *Small v. Small*, 185 Pa. Superior Ct. 468, 137 A. 2d 870; *Mosse v. Goldsmith,* supra. The action of the court below was proper under the circumstances, and we find no abuse of discretion. Since the entire question here involved turned on whether the endorsement to plead was in compliance with the Rules of Civil Procedure, the question of the illegibility of the endorsement was properly considered.

Order affirmed.