## Fritz v. Evans

*F. T. Cadmus, 3rd,* for plaintiff.

*G. Clinton Fogwell, Jr.,* for defendant.

GAWTHROP, P. J., September 12, 1963.—Defendant moved under Rule 1034 Pa. R. C. P. for judgment on the pleadings consisting of complaint and answer containing new matter. No reply to new matter was filed. After argument the matter is before us for decision. The motion for judgment must be overruled.

The answer containing new matter bears the following endorsement:

"To the Plaintiff

"You are hereby required to plead to the within *Answer* within 20 days from service hereof." (Italics supplied.)

The endorsement is not signed by defendant or his counsel and requires plaintiff to plead to the "answer". It is thus defective in two particulars, fails to comply substantially with Rule 1361 Pa. R. C. P. and is a legal nullity. Therefore since under Rule 1026 Pa. R. C. P. "no responsive pleading need be filed unless the preceding pleading is endorsed with a notice to plead," and under Rule 1029(d) Pa. R. C. P., "Averments in a pleading to which no responsive pleading is required shall be deemed to be denied," the allegations of new matter are at issue and may not be considered as facts in passing upon the motion: Cf. Whelan v. Mack, 190 Pa. Superior Ct. 40, which must be overruled.

In passing it may be noted that the proper practice in pleading the defense of res judicata as new matter is to incorporate by reference the record of any action the determination of which is alleged to establish that defense. See Simodejka v. Williams, 360 Pa. 332, 334.

And now, September 12, 1963, the motion for judgment on the pleadings is overruled.