419 A.2d 78

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Robert J. COX.**

Superior Court of Pennsylvania.

Argued Dec. 3, 1979.

Filed March 7, 1980.

30

Lee Ruslander, Assistant District Attorney, West Chester, for Commonwealth, appellant.

No appearance entered nor briefs submitted for appellee.

Before PRICE, WATKINS, and HOFFMAN, JJ.

PRICE, Judge:

This Commonwealth appeal presents the question of whether the tendering of a guilty plea (eventually refused by the trial court) and concomitant ordering of a presentence report reflects a commitment of time and resources by the trial court so as to signify the "commencement of trial"

for Rule 1100[1] purposes. We hold that trial in the instant case did not commence for purposes of the rule, and consequently, appellee was entitled to discharge.

The pertinent facts are as follows. On February 18, 1978, a criminal complaint was filed against appellee charging him with homicide by vehicle[2] and driving under influence of alcohol.[3] The Commonwealth and appellee entered into a negotiated plea agreement, and on August 1, 1978, appellee tendered a plea of guilty to the charge of homicide by vehicle. The court of common pleas, per the Honorable Thomas A. Pitt, Jr., did not then accept the plea, but rather took it under advisement and ordered a presentence report. The case developed no further until March 1, 1979, when appellee filed a petition to dismiss[4] the charges under Rule 1100. On March 6, Judge Pitt denied appellee's petition, refused his plea, and ordered that a trial date be set. The Commonwealth filed a petition to extend on March 16, to which appellee filed an answer on March 22 once again asserting that his right to a speedy trial under Rule 1100 had been violated and that dismissal of the charges was in order. A hearing was held on April 19 before the Honorable Leonard Sugerman and, per order dated May 14, he denied the Commonwealth's petition to extend, dismissed the criminal charges, and discharged appellee. It is from this order that the Commonwealth appeals.

Before addressing the merits of the Rule 1100 issue, we must direct our attention to another claim made by the

1. Pa.R.Crim.P. 1100.

2. The Vehicle Code, Act of June 17, 1976, P.L. 162, No. 81 § 1 (75 Pa.C.S. § 3732).

3. 75 Pa.C.S. § 3731.

4. Section (f) of Rule 1100 provides that:
   "At any time before trial, the defendant or his attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this Rule has been violated. A copy of such application shall be served upon the attorney for the Commonwealth, who shall also have the right to be heard thereon. Any order granting such application shall dismiss the charges with prejudice and discharge the defendant."

Commonwealth. The Commonwealth contends that Judge Sugerman's order was a nullity because he improperly overruled an interlocutory order of another judge of concomitant jurisdiction. Indeed, the rule that absent some new evidence, it is improper for a trial judge to overrule an interlocutory order by another judge of the same court in the same case, has been applied by this court to Rule 1100 situations. *See Commonwealth v. Eck*, 272 Pa.Super. 406, 416 A.2d 520 (1979); *Commonwealth v. Griffin*, 257 Pa.Super. 153, 390 A.2d 758 (1978). Applying this rule to the present situation, we find that it was inappropriate for Judge Sugerman to issue a subsequent ruling resulting in dismissal. We believe, nonetheless, that the interests of judicial economy dictate that we decide the Rule 1100 issue, particularly when, as here, the record is sufficient to enable us to reach the merits of the issue, and a remand for a new trial would only serve to delay the inevitable result of discharge. When faced with a similar situation in *Commonwealth v. Griffin, supra,* 257 Pa.Super. at 157–58, 390 A.2d at 760, we held:

"There must be some degree of finality to determinations of all pre–trial applications so that judicial economy and efficiency can be maintained. We therefore find that it was inappropriate for Judge Gladden to issue a subsequent ruling on the motions to dismiss. Having so held, we feel that in the instant case the interests of judicial economy require that we decide the Rule 1100 issue. While we emphasize our disapproval of the procedure herein employed, we are not prepared to adopt the Commonwealth's position that the order of July 16, 1976, is a nullity. In this area some discretionary freedom must be allowed to the judge of the court below. Where, as in the instant case, we are convinced that the record is sufficient to enable us to reach the merits and that reversing the lower court's order and permitting the case to go to trial, especially when appellees are clearly entitled to discharge, would only serve to postpone unjustifiably this ultimate result, we do not find an abuse of that discretion."

■ In deciding the merits of the Rule 1100 issue, we note initially that under the precept of the rule, a defendant's trial must commence within 180 days from the filing of the written complaint, absent excludable time under section (d)[5] of the rule or any periods of extension granted pursuant to section (c)[6] of the rule. The written complaint in the instant case was filed on February 18, 1978, thereby establishing the run date as August 17, 1978.

The Commonwealth contends that the August 17 tender of a guilty plea by appellant and subsequent order by the trial court that a presentence report be prepared constituted a sufficient commitment of court resources to establish "commencement of trial" and thereby vitiate appellee's March 1, 1979 petition to dismiss. We find that this Commonwealth interpretation of Rule 1100 is untenable.

■ Although the rule itself does not define "commencement of trial", the Comment[7] to the rule explains that "[a] trial commences when the trial judge determines that the parties are present and directs them to proceed to voir

5. Section (d) provides that:
"In determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from:
(1) the unavailability of the defendant or his attorney;
(2) any continuance in excess of thirty (30) days granted at the request of the defendant or his attorney, provided that only the period beyond the thirtieth (30th) day shall be so excluded;"

6. Section (c) provides that:
"At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. A copy of such application shall be served upon the defendant through his attorney, if any, and the defendant shall also have the right to be heard thereon. Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth. Any order granting such application shall specify the date or period within which trial shall be commenced."

7. While the comments to our procedural rules are merely aids to the interpretation of those rules and are not binding on the court, we have adopted the definition of commencement of trial found in the comment to Rule 1100. *See Commonwealth v. Byrd*, 250 Pa.Super. 250, 378 A.2d 921 (1977).

dire, or to opening argument, or to the hearing of any motions which had been reserved for the time of trial, or to the taking of testimony or to some other such first step in trial."

Our interpretations of Rule 1100 have emphasized that an event will not mark the commencement of trial unless it reflects a commitment of time and resources by the trial court and leads directly into the guilt–determining process. *See, e. g., Commonwealth v. Brown*, 264 Pa.Super. 127, 399 A.2d 699 (1979); *Commonwealth v. Griffin, supra; Commonwealth v. Taylor*, 254 Pa.Super. 211, 385 A.2d 984 (1978). In *Taylor*, we agreed with Chief Justice Eagen's assessment of the term "commencement of trial" under the rule and its comment:

" 'The words "some other such" immediately preceding "first step in the trial" clearly indicate that the events specifically referred to in the comment are to be considered first steps in a trial for purposes of Rule 1100, see *Commonwealth v. Boyle*, 470 Pa. 343, 355, 368 A.2d 661, 666 (1977), even though not all of these events are, strictly speaking, directly involved with the determination of guilt or innocence. For example, if a case were called to trial and, after determining the parties were present, the trial judge held a hearing on a suppression motion which had been reserved for the time of trial, presumably the trial would have commenced for purposes of Rule 1100. *This leads to the conclusion that the principal concern behind Rule 1100 is simply that the commencement of trial be marked by a substantive, rather than a pro forma, event. Moreover, each of the events specifically referred to in the foregoing portion of the comment represents a degree of commitment of the court's time and resources such that the process of determining the defendant's guilt or innocence follows directly therefrom. Accordingly, the beginning of any stage which leads directly into the guilt–determining process is a "first step in the trial" for purposes of Rule 1100.' "* *Commonwealth v. Taylor, supra*, 254 Pa.Super. at 214–15, 385 A.2d at 986, *quoting Common-*

*wealth v. Lamonna*, 473 Pa. 248, 260, 373 A.2d 1355, 1361 (1977) (Eagen, C. J. concurring) (emphasis added).

With these precepts in mind, we conclude that the action of the court of common pleas in taking appellee's guilty plea under advisement and in ordering a presentence report did not constitute commencement of trial. We perceive two basic reasons for this conclusion. First, we believe that the trial court's actions did not represent the "substantial" commitment of the court's time and resources contemplated by Rule 1100 and our interpretations thereof. *See Commonwealth v. Griffin, supra.* Second, we hold that the trial court's acts of August 1, 1978, did not lead directly to a determination of appellant's guilt, *i. e.,* under no stretch of the imagination could one conclude that the six month period of inaction between appellee's tendering the guilty plea and his filing of the petition to dismiss was indicative of a *direct* progression into the guilt–determining process.[8] To hold otherwise would distort the meaning of the word "trial" as it is used in the rule and its comment.[9]

8. With respect to the somewhat similar question of whether conducting pretrial suppression hearings constitutes the commencement of trial, we have held that delays as short as 47 days between the hearing of the motion and the trial were too lengthy to allow a conclusion that the hearing led directly into the guilt determining process, *see e. g., Commonwealth v. Bowers*, 250 Pa.Super. 77, 378 A.2d 461 (1977); *see also Commonwealth v. Griffin*, 257 Pa.Super. 153, 390 A.2d 758 (1978) (62 day delay).

9. At the hearing of March 6, 1979 (N.T. 3) we note the following:
"THE COURT: And do you have any case authority in support of the proposition that the period of time under which the Court had under advisement an application for a plea bargain awaiting preparation of a pre–sentence investigation should not be counted or should be counted in the running of the 1100 Rule?
MR. NOVAK [Public Defender]: I have no case law for it, your Honor . . . .
THE COURT: We understand your position and the relief is denied. We think it has no application and we rely on the recent opinion of the Third Circuit of the United States in which the delay between the time of entry of a plea until the imposition of sentence was not counted in the Federal Speedy Trial rule computation."
We observe that Judge Sugerman found the pre–sentence investigation and report were completed on August 25, 1978, contrary to the inference that a delay in completion justified the inaction. Further,

Under this interpretation, the run time for Rule 1100 purposes expired on August 17, 1978. It was incumbent upon the Commonwealth to file a petition for extension prior to this time. It did not do so. The Commonwealth's petition of March 16, 1979, filed well beyond the expiration of the run time, was untimely and therefore ineffective. In light of these circumstances, appellee's right to a speedy trial was violated and he was entitled to discharge.

Accordingly, the order of the court of common pleas is affirmed.

WATKINS, J., dissents.

we assume the reference to a recent case of the Third Circuit of the United States is the case of *United States v. Campisi*, 583 F.2d 692 (3rd Cir. 1978), where a five month delay occurred between the time the defendant entered his plea and the time sentence was imposed. We do not find *Campisi* persuasive because the trial court in the instant case did not accept appellant's plea.