440 A.2d 1223

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Robin Jay LEWIS.**

Superior Court of Pennsylvania.

Argued Oct. 7, 1981.

Filed Jan. 29, 1982.

Gailey C. Keller, District Attorney, Bloomsburg, for Commonwealth, appellant.

David J. Foster, Lemoyne, for appellee.

Before CERCONE, P.J., and HESTER, CAVANAUGH, WICKERSHAM, McEWEN, WIEAND, BECK, MONTEMURO and POPOVICH, JJ.

WIEAND, Judge:

The issue presented by this Commonwealth appeal is whether the entry of a guilty plea can be equated with commencement of trial for Rule 1100 purposes. We hold that the tendering of a guilty plea by an accused signifies the commencement of trial regardless of whether that plea is accepted immediately by the trial court or is taken under advisement. In so holding, we expressly overrule the earlier ruling of a panel of this Court in *Commonwealth v. Cox*, 276 Pa.Superior Ct. 29, 419 A.2d 78 (1980) (Watkins, J., dissenting).

The facts pertinent to the instant case are as follows. On March 8 and 10, 1979, complaints were filed charging Robin Jay Lewis with two counts of conspiracy [1] and several counts of possession with intent to deliver various controlled substances.[2] The run dates, in accordance with Pa.R.Crim.P. 1100, were September 4 and 6, 1979. On July 16, 1979, which was the scheduled date for trial, Lewis tendered a plea of guilty to the drug charges. The plea was entered as part of a plea bargain, under the terms of which the Commonwealth was to nol pros the criminal conspiracy charges and Lewis' sentence was not to exceed three years incarceration. The trial judge conducted a colloquy, took the plea under advisement and ordered a presentence investigation. On September 5, 1979, the date set for sentencing, the court rejected the plea bargain. Lewis was thereupon permitted to withdraw his plea of guilty. On September 7, the Commonwealth filed a petition for extension of time, and Lewis filed an application to dismiss. These applications were heard by the court on September 10, 1979, and on

1. 18 Pa.C.S. § 903.

2. 35 P.S. § 780–113(a)(30).

November 5, 1979, an order was entered granting Lewis' application and dismissing the criminal action. The Commonwealth appealed.

Pa.R.Crim.P. 1100(a)(2) mandates the commencement of trial within 180 days from the filing of a criminal complaint. The rule is an administrative measure adopted by the Supreme Court pursuant to its rulemaking power and is designed to give substance to the constitutional guarantee of a speedy trial for criminal defendants. *Commonwealth v. Juliano*, 282 Pa.Superior Ct. 226, 229, 422 A.2d 1088, 1090 (1980), *petition for allowance of appeal denied* (1981). See also: *Commonwealth v. Johnson*, 487 Pa. 197, 409 A.2d 308 (1979). Section (b) of the rule provides that trial shall be deemed to commence on the date the trial judge calls the case to trial. The Comment to the Rule[3] contains a discussion pertaining to the commencement of trial, and cases construing the Rule have, on occasion, considered the point in the proceedings when trial commences.

The Comment provides: "A trial commences when the trial judge determines that the parties are present and directs them to proceed to voir dire, or to opening argument, or to the hearing of any motions which had been reserved for the time of trial, or to the taking of testimony *or to some other such first step in the trial.*" (Emphasis added.) The meaning of "some other such first step in the trial" was discussed by then Chief Justice Eagen in his concurring opinion in *Commonwealth v. Lamonna*, 473 Pa. 248, 260, 373 A.2d 1355, 1361 (1977) where he wrote: "[T]he principal concern behind Rule 1100 is simply that the commencement of trial be marked by a substantive, rather than pro forma, event .... [E]ach of the events specifically referred to in the foregoing portion of the comment represents a degree of commitment of the court's time and resources such that the process of determining the defendant's guilt or innocence

---

**3.** Although the comments to procedural rules are advisory only, they "often serve as effective aids in the interpretation of those rules." *Commonwealth v. Byrd*, 250 Pa.Superior Ct. 250, 253, 378 A.2d 921, 922 (1977). See also: *Commonwealth v. Lamonna*, 473 Pa. 248, 259, 373 A.2d 1355, 1360 (1977), concurring opinion by Eagen, C.J.

follows directly therefrom. Accordingly, the beginning of any stage which leads directly into the guilt-determining process is a 'first step in the trial' for purposes of Rule 1100." This Court accepted Chief Justice Eagen's comments in *Commonwealth v. Taylor*, 254 Pa.Superior Ct. 211, 214–15, 385 A.2d 984, 986 (1978), where it was held that "an event will not mark the commencement of trial under Rule 1100 unless it reflects a commitment of time and resources by the court below and leads directly into the guilt-determining process." See also: *Commonwealth v. Griffin*, 257 Pa.Superior Ct. 153, 158–59, 390 A.2d 758, 761 (1978).

The speedy trial guarantee of Rule 1100 was designed to limit the period of anxiety and concern following a public accusation of criminal conduct which has not resulted in either an acquittal or a determination of guilt. After a plea of guilty has been entered, a defendant is no longer subject to the anxiety and concern which accompanies an untried accusation of criminal conduct. See: *Commonwealth v. Juliano*, supra, 282 Pa.Super. at 229, 422 A.2d at 1090. Similarly, the public's interest in disposing of pending criminal charges is fully served by the entry of a plea of guilty by the accused.

The entry of a plea of guilty is not only the commencement of the guilt-determining process, but is, if accepted, a final determination of guilt. See: *Commonwealth ex rel West v. Myers*, 423 Pa. 1, 6, 222 A.2d 918, 921–22 (1966) quoting from *Kercheval v. United States*, 274 U.S. 220, 223, 47 S.Ct. 582, 583, 71 L.Ed. 1009, 1012 (1927). For this reason, the Supreme Court has required that guilty pleas be taken in open court and has directed trial judges to determine, on the record, that a plea has been tendered "voluntarily and understandingly." Pa.R.Crim.P. 319(a). The entry of a plea of guilty, therefore, can clearly be equated with the commencement of trial which must occur within the time constraints of Rule 1100.

This Court has held on prior occasions that, for purposes of Pennsylvania's speedy trial rule, trial commences when a guilty plea is entered by a defendant and has been accepted

by the trial court. *Commonwealth v. Bytheway,* 290 Pa.Superior Ct. 148, 154, 434 A.2d 173, 176 (1981); *Commonwealth v. Juliano,* supra, 282 Pa.Super. at 229, 422 A.2d at 1089–90. In *Juliano,* the defendant's guilty plea had been accepted by the trial judge who then deferred sentencing in order to allow for the receipt of a presentence investigation. Subsequently, the court refused to impose a sentence consistent with the plea bargain, and the defendant was permitted to withdraw his plea. Writing for a unanimous panel of this Court, Judge Montgomery said: "The record makes it clear that the Appellant's trial commenced ... when the Appellant entered a guilty plea .... The period between the entry of the plea and the .... sentencing date cannot be measured in terms of Rule 1100, since it can only be viewed as time needed by the Court to prepare for appropriate sentencing." Id., 282 Pa.Super. at 228, 422 A.2d at 1089. And in *Bytheway,* another panel of this Court held that a withdrawal of a previously accepted plea of guilty was equivalent to the granting of a new trial, after which the Commonwealth was charged to commence a new trial within 120 days. See: Pa.R.Crim.P. 1100(e)(1).

However, in *Commonwealth v. Cox,* supra, a majority of a panel of this Court held that the "action of the court of common pleas in taking [defendant's] guilty plea under advisement and in ordering a presentence report did not constitute commencement of trial." Id., 276 Pa.Super. at 35, 419 A.2d at 81.

The decision in *Cox* is inconsistent with the other decisions of this Court and also with the objectives of Rule 1100. When determining the commencement of trial under Rule 1100, there is no substantive difference between accepting a negotiated plea of guilty and deferring sentence for a presentence investigation and taking the plea under advisement and deferring sentence for the same type of investigation. In either event, that stage of the proceedings has been reached which points directly and immediately to a final adjudication of guilt. By tendering a plea of guilty, the defendant has formally admitted guilt and has made it

unnecessary that guilt or innocence be determined by an adversary trial proceeding. In both instances, the defendant's formal admission of guilt has made it unnecessary and impractical for the Commonwealth to attempt other proceedings to achieve a substantive determination of guilt. In both instances, the Commonwealth has brought the defendant before the court, where a final judgment of sentence can be imposed. Regardless of whether the guilty plea is accepted or taken under advisement, appellant must be allowed to withdraw his plea if the trial court is unable to accept the terms of a negotiated plea bargain.

In short, the tendering of a guilty plea triggers immediately the guilt-determining process, and trial thereupon commences for purposes of determining compliance with Rule 1100. It matters not whether the trial court accepts the guilty plea immediately or takes it under advisement in order to study further the terms of the plea bargain and prepare for sentencing.

Our decision is consistent with the amendment to Rule 1100 which has now been adopted by the Supreme Court. The Criminal Rules Committee, deeming *Cox* inconsistent with the intent of Rule 1100, has suggested and the Supreme Court agreed, that Rule 1100 be amended to read as follows:

"(b) For the purpose of this Rule, trial shall be deemed to commence on the date the trial judge calls the case to trial, *or the defendant tenders a plea of guilty or nolo contendere.*" (Emphasis added to reflect material added.)

The Comment has also been amended to provide: "Withdrawal, rejection of, or a successful challenge to a guilty plea should be considered the granting of a new trial for purposes of this rule." See: Volume 11, *Pennsylvania Bulletin*, pages 3947, 3950–52.

In the instant case, trial was commenced when appellee tendered a plea of guilty. When he subsequently withdrew that plea with the permission of the trial court, the Commonwealth had a period of 120 days within which to com-

68

mence a new trial. The order of the trial court granting appellee's motion to dismiss, therefore, must be reversed.

Reversed and remanded.