470 A.2d 988

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**John G. MARGETAS.**

Superior Court of Pennsylvania.

Argued Jan. 26, 1983.

Filed Jan. 13, 1984.

Sheryl Ann Dorney, Assistant District Attorney, York, for Com., appellant.

William Costopoulos, Lemoyne, for appellee.

Before WICKERSHAM, CIRILLO and WATKINS, JJ.

WICKERSHAM, Judge:

This is an appeal by the Commonwealth from the order of the Court of Common Pleas, Criminal Division, of York County directing that the charges of arson and related

offenses be dismissed with prejudice because of the violation of Rule 1100. For the reasons set forth below, we reverse.

In the instant case, the written complaint was filed against the appellee on January 13, 1981. The run date under Rule 1100 was July 13, 1981.[1] There were no orders extending the commencement of trial.

A plea bargain agreement was entered into on April 15, 1981 and was presented to the court on May 1, 1981 before the Honorable Joseph E. Erb who indicated that he would require a pre-sentence investigation, but accepted a nolo contendere plea with the appellee having the right to withdraw his plea in the event the plea bargain was not accepted. On June 26, 1981, Judge Erb advised the appellee that he would not accept the plea bargain because of the provision of "no jail" time.

The lower court found that the Commonwealth filed an application for extension of time for commencement of trial after the July 13, 1981 run date. The lower court, in denying the Commonwealth's application for an extension, held that there was no excludable time because the acceptance of the plea of nolo contendere, subject to the terms of the plea bargain, did not signify "commencement of trial" for Rule 1100 purposes. Lower ct. op. at 7. Therefore, on September 17, 1981, the lower court dismissed with prejudice the charges against the appellee on the ground that Rule 1100 had been violated. The Commonwealth timely appealed.

The Commonwealth presents the sole question to be considered on appeal as follows:

> Whether the lower court erred in dismissing the charges with prejudice against Appellee pursuant to "Pa. R.Crim.P. 1100"?

Brief for Appellant at iv.

To resolve this issue, we must determine whether the acceptance of the plea of nolo contendere, subject to the

---

1. The 180th day would have been July 12, 1981, a Sunday. The Rule 1100 run date therefore falls on the next day, July 13, 1981.

terms of a plea bargain, signified the "commencement of trial" for Rule 1100 purposes.

The lower court opinion refers to its opinion in a companion case, *Commonwealth v. Harileaos G. Margetas*, 203 Hbg. 1981 (181–A Criminal Action 1981). The opinion in that case relied on the decision in *Commonwealth v. Cox*, 276 Pa.Super. 29, 419 A.2d 78 (1980). In that case, a panel of this court held that acceptance of the defendant's guilty plea did not signify "commencement of trial." However, *Cox* was expressly overruled by an *en banc* panel of this court in *Commonwealth v. Lewis*, 295 Pa.Super. 61, 440 A.2d 1223 (1982). *Lewis* held that a tender of a plea of guilty signifies "commencement of trial."

> In short, the tendering of a guilty plea triggers immediately the guilt-determining process, and trial thereupon commences for purposes of determining compliance with Rule 1100. It matters not whether the trial court accepts the guilty plea immediately or takes it under advisement in order to study further the terms of the plea bargain and prepare for sentencing.

*Id.*, 295 Pa.Superior Ct. at 67, 440 A.2d at 1226.

*Lewis* is consistent with the amendment to Rule 1100 which specifically states when trial begins for purposes of the rule:

> (b) For the purpose of this Rule, trial shall be deemed to commence on the date the trial judge calls the case to trial, *or the defendant tenders a plea of guilty or nolo contendere.*

Pa.R.Crim.P. No. 1100(b) (emphasis added).

Although *Cox* was the law at the time the trial court judge dismissed the charges, we believe we should apply the amended rule and recent case law. The *Lewis* case noted that *Cox* was inconsistent with the intent of Rule 1100. We will not apply the reasoning of a case that incorrectly interpreted Rule 1100.

Therefore, we hold that Margetas' trial commenced when he tendered his plea of nolo contendere.

The Comment to Rule 1100 was amended to say that "... rejection of ... a guilty plea should be considered the granting of a new trial for purposes of this rule." Pursuant to this amendment, when Judge Erb rejected Margetas' plea, the Commonwealth should have been given 120 days to commence a new trial. *See* Pa.R.Crim.P. No. 1100(e)(1).

The order of the lower court is reversed and the case remanded for a new trial. Jurisdiction is relinquished.