## Commonwealth v. Brassington

*Robert Sacavage,* for the Commonwealth.
*James R. Rosini,* for defendant.

RANCK, *J.,* May 10, 1985—On June 22, 1984, a complaint was filed against defendant charging him with simple assault. On June 25, 1984, a second complaint was filed charging defendant with resisting arrest, possessing instrument of crime, terroristic threats, recklessly endangering another person, aggravated assault, simple assault and disorderly conduct. On November 9, 1984, defendant tendered a plea of guilty but mentally ill pursuant to 18 Pa.C.S. §314. On February 12, 1985, defendant withdrew his tendered plea. The Commonwealth filed petitions for extension of time to commence trial on March 22, 1985. It is these petitions that are currently before the court for disposition.

Defendant puts forth two arguments in support of his opposition to the petitions for extension of time. The first is that the Commonwealth has failed to prove that they exercised due diligence in bringing defendant to trial before the expiration of 180 days. The second argument is that no guilty plea was entered such that a withdrawal would trigger the running of the 120 day period under Pa.R.Crim.P. 1100(e)(2). Because of our disposition of the second argument, we will not discuss the first.

Rule 1100(e)(2) provides:

"When an appellate court has granted a new trial, or has affirmed an order of a trial court granting a

new trial, the new trial shall commence within one hundred and twenty (120) days after the appellate court remands the record to the trial court . . . ." Pa.R.Crim.P. 1100(e)(2). In further explanation of that section, the comments to the rule provides, in part:

". . . Withdrawal, rejection of, or a successful challenge to a guilty plea should be considered the granting of a new trial for purposes of this rule . . . ." Comment, Pa.R.Crim.P. 1100. The issue becomes whether or not a guilty plea was entered and whether its subsequent withdrawal triggered the 120 day period.

Defendant sought to plead guilty but mentally ill under 18 Pa.C.S. §314. The pertinent part of that statute reads as follows:

"(b) Plea of guilty but mentally ill.—A person who waives his right to trial may plead guilty but mentally ill. *No plea of guilty but mentally ill may be accepted by the trial judge* until he has examined all reports prepared pursuant to Rules of Criminal Procedure, has held a hearing on the sole issue of the defendant's mental illness at which either party may present evidence and is satisfied that the defendant was mentally ill at the time of the offense to which the plea is entered. *If the trial judge refuses to accept a plea of guilty but mentally ill, the defendant shall be permitted to withdraw his plea.* A defendant whose plea is not accepted by the court shall be entitled to a jury trial, except that if a defendant subsequently waives his right to a jury trial, the judge who presided at the hearing on mental illness shall not preside at the trial. (Emphasis added), 18 Pa.C.S. §314(b).

Defendant would argue that at the time of the tendering of a guilty plea under the above statute, no entry may be made of that plea until after a hear-

ing has been held. This court does not agree with that position.

When called upon to construe a statute, this court is bound by certain rules. One of these is that it is "presumed that every word, sentence or provision of a statute is intended for some purpose and accordingly must be given effect . . . ." Commonwealth v. Lobiondo, 501 Pa. 599, 603, 462 A.2d 662 (1983).

The guilty but mentally ill statute provides that a guilty plea may not be *accepted* until after a hearing is conducted. It does not state that such a plea is not *entered* until the hearing. At the time the plea is tendered, it is entered but acceptance is postponed until the required hearing has been held. In further support of this is the provision allowing for withdrawal of the plea if it is not accepted. Something must be entered before it can be withdrawn.

This situation is analogous to the entry of a guilty plea pursuant to a plea agreement. If the court rejects the agreement, defendant may withdraw his plea if he chooses. The same is true under §314. Defendant enters a guilty plea but claims that he was mentally ill. If the court does not find that he was in fact mentally ill, defendant has the right to withdraw his guilty plea. The plea need not be withdrawn if defendant does not desire to do so.

In Commonwealth v. Lewis, 295 Pa. Super. 61, 440 A.2d 1223 (1982), the Superior Court stated:
". . . the *tendering* of a guilty plea triggers immediately the guilt-determining process, and trial thereupon commences for purposes of determining compliance with Rule 1100." (Emphasis added). Id., at 1226. The court uses the term "tendering", not entering. When a guilty plea is tendered, or offered, the running of Rule 1100 stops. The rule itself uses the term tender.

For the purpose of this rule, trial shall be deemed to commence on the date the trial judge calls the case to trial, or the defendant *tenders* a plea of guilty or nolo contendere. (Emphasis added). Pa.R.Crim.P. 1100(b).

In the present case, when defendant tendered his plea of guilty but mentally ill, the trial had commenced for purposes of Rule 1100. Even though the court could not accept the plea at that time, the plea was entered. When defendant later withdrew his plea, the Commonwealth then had 120 days in which to bring defendant to trial.

Because of the decision which we have made, the Commonwealth's petitions for extension of time are premature. The time to commence trial does not run until June 12, 1985. Before that time, a criminal trial term wil be held. Therefore, an extension of time is not needed.

Accordingly, we enter the following

## ORDER

And now, May 10, 1985, after hearing and careful consideration and based on the reasons set forth in the foregoing opinion which indicate that extensions are not necessary, it is ordered that the Commonwealth's petitions for extension of time to commence trial are denied.