511 A.2d 193

**Melvin GERBER and Sylvin Goldstein, t/a M & M Investment, Appellees,**

v.

**Barbara EMES, Individually and as Executrix of the Estate of James T. Emes, and Jim Emes Petroleum Co., Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 13, 1986.

Filed June 10, 1986.

76

Robert H. Lang, Pittsburgh, for appellant.
Robert S. Trigg, Lancaster, for appellees.

Before ROWLEY, MONTEMURO and KELLY, JJ.

78

KELLY, Judge:

This case was initiated by the plaintiffs/appellees filing a complaint with counts sounding both in trespass and assumpsit, and serving the defendant/appellant with the complaint on July 26, 1982. No entry of appearance was filed on defendant's behalf. A default judgment was entered on September 13, 1982. Appellant timely filed a petition to open or to strike that judgment on September 22, 1982. After hearings, submission of briefs, and the taking of depositions, the lower court entered an order on April 26, 1985 granting the petition to strike the judgment as to the counts sounding in assumpsit, and denying the petition to strike or open the default judgment as to the trespass counts. Appellant timely appealed the denial. For the reasons stated below, we reverse.

The facts of this case are as follows. Appellant Barbara Emes was served with the Complaint on July 26, 1982. She contacted her counsel, John O'Brien, Esquire, and he assured her that he would attend to the Complaint. In fact, he did not attend to the matter. By letter dated August 27, 1982 he informed appellant that he was going to withdraw from the case. The letter further stated he would be out of his office until September 7, 1982. On September 1, appellant received the "Ten Day Notice", Notice of Praecipe for Final Judgment or Decree as required by Pa.R.C.P. 237.1. Appellant contacted Mr. O'Brien on September 7 to arrange to retrieve her files to take to her new counsel. It is unclear whether Mr. O'Brien ever informed appellant or her new counsel that he had never entered an appearance on her behalf.

Appellant's new counsel, representing her in this appeal, realized that until he obtained appellant's files he could not properly act on her behalf; on September 8 he contacted appellees' counsel seeking an extension of 20 days within which to respond to the complaint. It is disputed whether the extension was granted. Nonetheless, appellees' counsel praeciped for a default judgment on September 13, 1982. Default judgment accordingly was entered.

Appellant filed a petition to open or to strike the judgment, claiming, *inter alia,* that appellant was under no obligation to file a responsive pleading since appellees' complaint was improper for failure to contain a Notice to Defend, Pa.R.C.P. 1018.1. The lower court agreed in part and struck the judgment with regard to the counts sounding in assumpsit, relying on Pa.R.C.P. 1037(b) and 1026. The lower court declined to strike the complaint with regard to the counts sounding in trespass, relying upon the fact that Rule 1047(a) contains no mention of need to contain a notice to defend for counts sounding in trespass.

Appellant's first issue on appeal is whether the trial court erred in refusing to strike the default judgment entered against him for failure to timely respond to the four counts sounding in trespass. Appellant argues that no response was required because appellees' complaint was defective on its face for failing to contain a notice to defend. Because we hold that actions sounding in trespass must conform to Pa.R.C.P. 1026 and contain a notice to defend, we uphold appellant and reverse the lower court.

We agree that Rule 1047(b)(1) contains no specific requirement to include a notice to defend on a trespass complaint. Pennsylvania Rule of Civil Procedure 1047, which was in effect at the time of this action's initiation, governed entry of judgment upon default in trespass actions.[1] It states in part:

*Rule 1047. Judgment Upon Default*

(a) After a complaint has been filed and time for pleading thereto has expired, the prothonotary, on praecipe of the plaintiff, shall enter judgment against a defendant who has neither pleaded to the complaint nor appeared at any time in the action. In such case, the damages except as provided in Subdivision (b) shall be assessed at a trial at which the issues shall be limited to the amount of the damages.

1. Rules 1041 to 1048 (Action in Trespass) were Rescinded December 16, 1983, effective July 1, 1984.

However, we find that Rule 1047(b)(1) cannot be read in isolation from other applicable rules, as the lower court apparently did. Because Rule 1047 and the other rules of trespass do not specify what time period governs response, we look to Rule 1041 which provides:

*Rule 1041. Conformity to Assumpsit*

Except as otherwise provided in this chapter, the procedure in the action of trespass shall be in accordance with the rules relating to the action of assumpsit.

Therefore it is appropriate to look at parallel assumpsit rules to provide the specifications that the trespass rules omit.

Rule 1037 encapsules the rule for judgment upon default in assumpsit actions. It states in part:

*Rule 1037. Judgment Upon Default or Admission. Assessment of Damages*

(a) ... If a complaint is not filed within twenty (20) days after service of the rule, the prothonotary, upon praecipe of the defendant, shall enter a judgment of non pros.

(b) The prothonotary, on praecipe of the plaintiff, shall enter judgment against the defendant for failure to file within the required time an answer to a complaint *which contains a notice to defend* or for any relief admitted to be due by the defendant's pleadings. (emphasis added).

Rule 1037 as stated does differ from Rule 1047 by specifying that the complaint must contain a "notice to defend" before default judgment shall be entered. Rule 1037 also specifies 20 days as being the time in which to file a response whereas neither Rule 1047 nor any other trespass rule specifies either the time limit or the need to include a notice to defend. However, Rule 1047's silence on the issue, when read in conjunction with Rule 1041 and its rule of conformity, leads us to conclude that the authors of the rules intended 20 days to be the applicable time limit for

trespass action response. Moreover, they did not intend for the trespass pleadings to exclude a notice to defend.[2]

We are further guided by Rule 1026. It provides in part:

*Rule 1026. Time for Filing. Notice to Plead*

... [E]very pleading subsequent to the complaint shall be filed within twenty (20) days after service of the preceding pleading, *but no pleading need be filed unless the preceding pleading contains a notice to defend* or is endorsed with a notice to plead. (emphasis added).

The words "every pleading" as set forth in the statute neither state nor imply an intent to except trespass actions from the Rule's authority. Further, the rules of construction, Rule 131 in particular, guide our interpretation:

*Rule 131. Rules in Pari materia*

Rules or parts of rules are in pari materia when they relate to the same proceedings or class of proceedings. Rules in pari materia shall be construed together, if possible, as one rule or one chapter of rules.

Our reading of these rules "in pari materia" leads us to equate the requirements of Rule 1047 with those of Rule 1037.

We are finally persuaded by the Explanatory Comment which accompanied the Rule 1018.1 Notice to Defend form.[3]

2. See, *Downes v. Hodin,* 377 Pa. 208, 104 A.2d 495 (1954) (20 days limit applies in trespass actions).

3. Rule 1018.1 Notice to Defend. Form

(a) Every complaint filed by a plaintiff and every complaint filed by a defendant against an additional defendant shall begin with a notice to defend in substantially the form set forth in subdivision (b). No other notice to plead to a complaint shall be required.
NOTICE

(b) You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

Rule 1018.1 was adopted in January 1975 and became effective July, 1975, before this action commenced. Although the rule is included within assumpsit action rules, it applies to trespass actions via Rule 1041.

"Rule 1018.1 is universal, applying without distinction to all types of cause of action and to all parties defendant. The Committee had the choice between a universal Rule, and one which would attempt to define special categories of defendants to receive special notice, and other categories where special notice was not needed.

It was suggested that Notice to Defend be restricted to consumer transactions or to certain forms of action such as assumpsit or to only individual defendants. The ultimate decision was in favor of uniformity of application.....

The amendment of Rules 1026 and 1037(b) concern responsive pleadings. They were amended to accommodate the new procedure provided by Rule 1018.1 in replacing the Notice to Plead "endorsed" on a complaint with the new Notice to Defend "contained" in the complaint."

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

_____
(NAME)

_____
(ADDRESS)

_____
(TELEPHONE NUMBER)

(c) Each court shall by local rule designate the officer, organization, agency or person to be named in the notice from whom legal help can be obtained.

(d) A court may by local rule require the notice to be repeated in one or more designated languages other that English.

This rule was amended twice, in 1975 and 1979. We look to the 1975 Explanatory Comment as being indicative of the framers' intent. Comments are advisory only but may serve as effective aids in statutory interpretation. *Commonwealth v. Lewis,* 295 Pa.Super. 61, 440 A.2d 1223 (1982).

█ Appellees in their brief cite their compliance with Rule 237.1, Notice of Praecipe for Default Judgment, in support of their argument. Rule 237.1, included with the rules on Business of Courts, applies to all causes of action, not just to assumpsit and/or trespass actions. The Explanatory Comment which accompanied the rule stated in part:

### Explanatory Note–1979

The increasing number of petitions being filed in the common pleas courts throughout the Commonwealth to open default judgments and the ensuing appeals have become a matter of concern to the courts.

One part of the problem arises from the entry of "snap judgments" *without notice,* a practice sharply disapproved by the Superior Court, and the *lack of notice* is frequently singled out as an important factor justifying the opening of a default judgment ...

Where, under Rules 1037(b), 1047(a), 1511(a), 3031(a) and 3146(a), a plaintiff may proceed directly by praecipe to enter a default judgment for failure of a defendant to file a responsive pleading to a complaint, *the new Rule will require prior notice* ...

### Form of Notice

Subdivision (c) of the Rule prescribes the form of notice when a default judgment is to be entered. *It is adapted from the notice to defend which Rule 1018.1 requires on every complaint.* It informs the defendant of the need for action, the consequences of default and where he can obtain a lawyer. Since the notice will in many cases be sent to an as yet unrepresented defendant, *it was felt that repetition of the notice to defend, in modified form, would help stimulate action and stem the tide of petitions to open.*

The notice is universal. It applies to all defendants, whether represented or not, without distinction as to their degree of education or sophistication. *As in Rule 1018.1, no attempt is made to apply the notice selectively based on the nature of the action or of the defendant in-*

*volved.* To do so would require a multiplicity of forms and confusion as to their application. *The use of one form for all actions and all defendants will, as in Rule 1018.1 prevent confusion.* (emphasis added).

The clear implication of this comment is that rule 1018.1 shall be followed in all causes of action, and every complaint filed by a plaintiff "shall begin with a notice to defend." Where a notice to defend was not originally sent, the purpose of Rule 237.1 of giving repetition of the notice to defend cannot be fulfilled. To hold otherwise, that Rule 1018.1 need not be complied with in trespass actions, would be to sow the confusion the authors were seeking to prevent. Therefore we hold that every pleading sounding in trespass must contain a notice to defend in conformity with Rule 1018.1. If such notice is not included, or is not in substantial conformity, Rule 1026 applies, and no responsive pleading need be filed. We find that appellees' pleadings did not contain a notice to defend and thus were facially defective.

 Appellees state that the filing of a Rule 237.1 Notice also acted to cure the defect of omitting the Rule 1018.1 Notice, by providing notice to appellant of the imminence of a default judgment.[4] However, Rule 237 does not

4. **Rule 237.1 Notice of Praecipe for Entry of Default Judgment**
 (a) No judgment by default shall be entered by the prothonotary unless the praecipe for entry includes a certification that a written notice on intention to file the praecipe was mailed or delivered to the party against whom judgment is to be entered and to his attorney of record, if any, after the default occurred and at least ten days prior to the date of the filing of the praecipe. If a written agreement for an extension of time specifies a time within which the required action must be taken and a default occurs thereafter, judgment by default may be entered by the prothonotary without prior notice under this rule. A copy of the notice or agreement shall be attached to the praecipe.
 (b) This rule does not apply to (1) a judgment entered pursuant to an order of court or rule to show cause or (2) any action subject to the provisions of Act No. 6 of 1974, P.L. 13, 41 P.S. § 101 et seq.
 Appellees also cite *Malakoff v. Zambar,* 446 Pa. 503, 288 A.2d 819 (1972), in support of their contention that notice was given appellant by other means. In *Malakoff* the court held that failure of the appellees' counsel to sign the notice to plead was a "de minimis" defect and no default judgment should be stricken for such error.

act to cure an original defect in a plaintiff's pleadings. The burden is always upon the party moving for a default judgment to insure that all pleadings are complete, *Whelan v. Mack*, 190 Pa.Super. 40, 151 A.2d 797 (1959). A Rule 237.1 Notice, sent by the moving party to a respondent, serves only to insure that the respondent has actual knowledge that a party is filing a praecipe for default judgment. It does not lessen the burden that the original pleading must be in compliance with the rules. Moreover, where the obligation to file an answer or enter an appearance does not otherwise exist, a Rule 237.1 Notice will not create one. Thus, although appellees complied with the Rule 237.1 formality, they did not comply with a threshold formality, the inclusion of a notice to defend in the original complaint.

Appellees further contend that appellant waived the required Notice to Defend, Rule 1018.1, by the request of an extension of time in which to file an answer. On September 8, appellant's counsel requested an extension of time by phone. Appellant's counsel sent a letter dated September 13, confirming what he considered to be the agreement (R. at 39a). Appellees' attorney, in a reply letter dated September 17, stated it was his understanding that the agreement was conditioned upon appellant's "immediate" entry of appearance and since no appearance had been immediately entered, appellees moved for default judgment on the 13th (R. at 28a).

■ Appellees maintain that there was no agreement to extend the time for response since the precondition of filing an entry of appearance had not been met. (Appellees' brief at 5–6).[5] Yet appellees also argue "a waiver is clearly the

Here we are dealing with the complete omission of the notice to defend, certainly no "de minimis" error, and thus we find *Malakoff* factually distinguishable.

5. Appellees' brief states:
"Appellant's brief states at page 10 that Mr. Lang "requested and obtained an extension of time," but the record does not support that statement. On the contrary, the petition to open the judgment averred (Paragraph 11, R36a) only that counsel was *prepared* to grant an extension *under certain circumstances.* Those circum-

▮▮▮▮▮▮▮▮▮

consequence of an agreement to extend the time for filing a responsive pleading" and that therefore the lack of a notice to defend "was cured by an agreement between counsel. . . ." (Appellees' brief at 9–10).[6] Appellees cannot have it both ways. Either there was an agreement and arguably a waiver, or there was no agreement. Moreover if there was an agreement, appellees violated that agreement by entering a default judgment before twenty days had passed, and may not now assert the agreement in their own defense. Either way appellees' argument fails.

▮▮▮ Finally, we are persuaded that omission of the notice to defend constitutes such an error that the subsequent act by appellant's counsel seeking a time extension to protect his client's rights does not constitute a waiver. His request was merely one of several possible acts undertaken to preserve a defense and protect a client's rights.

Therefore we find that appellees' original pleadings were facially and fatally defective, and appellant's subsequent acts created no waiver of the right to contest the defect. We reverse the holding of the lower court. Because we reverse the order, we find no need to address appellant's arguments that in the alternative we open judgment. We remand to the lower court for proceedings consistent with this opinion.

stances are suggested, though not explicitly, in Mr. Lang's confirming letter dated September 13, 1982 (R39a) and are articulated in the response dated September 17 (R40a). Other than these two letters in the record, and the conditional averment of paragraph 11 of the petition, *there is nothing of record to support the factual claim that Mr. Lang "obtained an extension of time"* (Emphasis added).

6. Appellees' brief states:
"Rule 1018.1 requiring a notice to defend, is clearly one 'relating to the manner of commencing an action' which may be waived under Rule 1003, and a waiver is clearly the consequence of an agreement to extend the time for filing a responsive pleading. Such agreements should be in writing (Rule 201) but are rarely placed on the record.
Thus in this case, the lack of a Notice to Defend defining the time for pleading was cured by an agreement between counsel (see paragraph 2, Motion for Rule Absolute filed February 15, 1984 but omitted from the reproduced record) which in effect waived Rule 1018.1 and fixed the time for responsive pleading."

ROWLEY, J., concurring statement.

MONTEMURO, J., concurs in the Result.

ROWLEY, Judge, concurring:

I concur in the result. See *Parliament Industries, Inc. v. William H. Vaughan and Co., Inc.*, 501 Pa. 1, 459 A.2d 720 (1983); *Middleton Township v. Fried and Gerber, Inc.*, 308 Pa.Super. 161, 454 A.2d 71 (1982).

It is my understanding that we are reversing only that portion of the trial court's order that denied the appellant's petition to strike or open the judgment on the trespass count. It is also my understanding that our order does not affect in any manner the trial court's order insofar as it relates to the assumpsit action.